UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------X
VICENTE CARRASCO FLORES AND
VALERIYA MUKHINA, *individually and on behalf of others*,

                               Plaintffs,

      -- against –

NYC PASTA AND RISOTTO CO., LLC
(D/B/A RADICCHIO PASTA AND RISOTTO
CO.), SATINDER SHARMA, AJIT BAINF AND
DANIEL MONTOYA,

                                Defendants
-------------------------------------------------X

17 Civ. 06915 (LGS)

ANSWER
(JURY DEMAND)

## ANSWER

NYC Pasta and Risotto Co., LLC ("Defendant"), by and through its attorneys, hereby answers the Complaint filed on September 12, 2017, as follows:

## NATURE OF THE ACTION

1.    Deny.

2.    Deny.

3.    Deny.

4.    Deny.

5.    Defendant lacks sufficient knowledge or information to determine the truth of the allegations.

6.    Defendant lacks sufficient knowledge or information to determine the truth of the allegations.

7.    Deny.

8.    Deny.

9.    Deny.

10. Deny.

11. Deny.

12. The paragraph alleges legal conclusions that require no answer of Defendant, but to the extent that such allegations require an answer, they are denied.

13. Deny.

14. Deny.

15. Deny.

16. The paragraph alleges legal conclusions that require no answer of Defendant, but to the extent that such allegations require an answer, they are denied.

17. Admit that Plaintiffs seek certification of this action as a collective action but otherwise deny.

18. Deny.

19. Defendant lacks sufficient knowledge or information to determine the truth of the allegations.

## THE PARTIES

*Plaintiffs*

20. This paragraph alleges legal conclusions that require no answer of Defendant, but to the extent that such allegations require an answer they are denied.

21. This paragraph alleges legal conclusions that require no answer of Defendant, but to the extent that such allegations require an answer they are denied.

*Defendants*

22. Deny.

23. Deny as NYC Pasta is not a corporation but a limited liability company organized and existing under the laws of New York.

24. Deny.

25. Defendant lacks sufficient knowledge or information to determine the truth of the allegations.

26. Deny.

27. Defendant lacks sufficient knowledge or information to determine the truth of the allegations.

28. Deny.

29. Defendant lacks sufficient knowledge or information to determine the truth of the allegations.

30. Deny.

### FACTUAL ALLEGATIONS
*Defendants Constitute Joint Employers*

31. Deny.

32. Deny.

33. Deny.

34. Deny.

35. This paragraph alleges legal conclusions that require no answer of Defendant, but to the extent that such allegations require an answer they are denied.

36. This paragraph alleges legal conclusions that require no answer of Defendant, but to the extent that such allegations require an answer they are denied.

37. Deny.

38. Deny.

39. This paragraph alleges legal conclusions that require no answer of Defendant, but to the extent that such allegations require an answer they are denied.

40. Defendant lacks sufficient knowledge or information to determine the truth of the allegations.

*Individual Plaintiffs*

41. Deny.

42. Admit that Plaintiffs seek to represent a class but otherwise deny.

*Plaintiff Vicente Carrasco Flores*

41. There are two paragraph 41s. Defendant lacks sufficient knowledge or information to determine the truth of the allegations.

*Defendant's Answer – Jury Demanded*     3

42. There are two paragraph 42s. Defendant lacks sufficient knowledge or information to determine the truth of the allegations.

43. Defendant lacks sufficient knowledge or information to determine the truth of the allegations.

44. Defendant lacks sufficient knowledge or information to determine the truth of the allegations.

45. Defendant lacks sufficient knowledge or information to determine the truth of the allegations.

46. Defendant lacks sufficient knowledge or information to determine the truth of the allegations.

47. Defendant lacks sufficient knowledge or information to determine the truth of the allegations.

48. Defendant lacks sufficient knowledge or information to determine the truth of the allegations.

49. Defendant lacks sufficient knowledge or information to determine the truth of the allegations.

50. Defendant lacks sufficient knowledge or information to determine the truth of the allegations.

51. Defendant lacks sufficient knowledge or information to determine the truth of the allegations.

52. Defendant lacks sufficient knowledge or information to determine the truth of the allegations.

53. Defendant lacks sufficient knowledge or information to determine the truth of the allegations.

54. Defendant lacks sufficient knowledge or information to determine the truth of the allegations.

55. Defendant lacks sufficient knowledge or information to determine the truth of the allegations.

56. Defendant lacks sufficient knowledge or information to determine the truth of the allegations.

57. Defendant lacks sufficient knowledge or information to determine the truth of the allegations.

58. Deny.

59. Defendant lacks sufficient knowledge or information to determine the truth of the allegations.

60. Defendant lacks sufficient knowledge or information to determine the truth of the allegations.

*Plaintiff Valeriya Mukhina*

61. Defendant lacks sufficient knowledge or information to determine the truth of the allegations.

62. Defendant lacks sufficient knowledge or information to determine the truth of the allegations.

63. Defendant lacks sufficient knowledge or information to determine the truth of the allegations.

64. Defendant lacks sufficient knowledge or information to determine the truth of the allegations.

65. Defendant lacks sufficient knowledge or information to determine the truth of the allegations.

66. Defendant lacks sufficient knowledge or information to determine the truth of the allegations.

67. Defendant lacks sufficient knowledge or information to determine the truth of the allegations.

68. Defendant lacks sufficient knowledge or information to determine the truth of the allegations.

69. Defendant lacks sufficient knowledge or information to determine the truth of the allegations.

70. Defendant lacks sufficient knowledge or information to determine the truth of the allegations.

71. Defendant lacks sufficient knowledge or information to determine the truth of the allegations.

72. Defendant lacks sufficient knowledge or information to determine the truth of the allegations.

73. Defendant lacks sufficient knowledge or information to determine the truth of the allegations.

74. Defendant lacks sufficient knowledge or information to determine the truth of the allegations.

75. Defendant lacks sufficient knowledge or information to determine the truth of the allegations.

76. Defendant lacks sufficient knowledge or information to determine the truth of the allegations.

77. Defendant lacks sufficient knowledge or information to determine the truth of the allegations.

78. Deny.

79. Defendant lacks sufficient knowledge or information to determine the truth of the allegations.

80. Defendant lacks sufficient knowledge or information to determine the truth of the allegations.

81. Defendant lacks sufficient knowledge or information to determine the truth of the allegations.

82. Defendant lacks sufficient knowledge or information to determine the truth of the allegations.

*Defendants' General Employment Practices*

83. Deny.

84. Deny.

85. Defendant lacks sufficient knowledge or information to determine the truth of the allegations.

86. Defendant lacks sufficient knowledge or information to determine the truth of the allegations.

87. Defendant lacks sufficient knowledge or information to determine the truth of the allegations.

88. Defendant lacks sufficient knowledge or information to determine the truth of the allegations.

89.     This paragraph alleges legal conclusions that require no answer of Defendant, but to the extent that such allegations require an answer they are denied.

90.     This paragraph alleges legal conclusions that require no answer of Defendant, but to the extent that such allegations require an answer they are denied.

91.     Defendant lacks sufficient knowledge or information to determine the truth of the allegations.

92.     This paragraph alleges legal conclusions that require no answer of Defendant, but to the extent that such allegations require an answer they are denied.

93.     Deny.

94.     This paragraph alleges legal conclusions that require no answer of Defendant, but to the extent that such allegations require an answer they are denied.

95.     This paragraph alleges legal conclusions that require no answer of Defendant, but to the extent that such allegations require an answer they are denied.

96.     Defendant lacks sufficient knowledge or information to determine the truth of the allegations.

97.     Defendant lacks sufficient knowledge or information to determine the truth of the allegations.

98.     Defendant lacks sufficient knowledge or information to determine the truth of the allegations.

99.     Defendant lacks sufficient knowledge or information to determine the truth of the allegations.

100.    Defendant lacks sufficient knowledge or information to determine the truth of the allegations.

101.    Defendant lacks sufficient knowledge or information to determine the truth of the allegations.

102.    Defendant lacks sufficient knowledge or information to determine the truth of the allegations.

103.    This paragraph alleges legal conclusions that require no answer of Defendant, but to the extent that such allegations require an answer they are denied.

104.    Deny.

105.    Deny.

106.    Defendant lacks sufficient knowledge or information to determine the truth of the allegations.

107.    Defendant lacks sufficient knowledge or information to determine the truth of the allegations.

### FLSA COLLECTIVE ACTION CLAIMS

Paragraphs 108-112 allege legal conclusions that require no answer of Defendant, but to the extent that such allegations require an answer they are denied.

### FIRST - NINTH CAUSES OF ACTION

Paragraphs 113-151 state Plaintiffs' causes of action and allege legal conclusions that require no answer of Defendant, but to the extent that such allegations require an answer they are denied.

### PRAYER FOR RELIEF

Defendant denies that it is liable to Plaintiffs for any wrongdoing or that Plaintiffs are entitled to any of the relief requested and respectfully requests this Honorable Court enter judgment in favor of Defendant, dismiss Plaintiffs' claims against Defendant with prejudice, and tax all Court costs against Plaintiff.

### JURY DEMAND

Defendant demands a jury to try all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

### AFFIRMATIVE DEFENSES

Defendant hereby asserts the following affirmative defenses to Plaintiffs' claims.

### FIRST DEFENSE

Defendant denies all allegations of Plaintiff's Complaint not explicitly admitted in this Answer and demand strict proof of such allegations.

### SECOND DEFENSE

Plaintiffs' Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

## FOURTH DEFENSE

Defendant did not engage in willful conduct and thus the two (2) year statute of limitations under the FLSA should apply.

## FIFTH DEFENSE

Defendant acted in good faith to comply with the FLSA.

## SIXTH DEFENSE

Defendant affirmatively plead the exemptions to the minimum wage and maximum hour requirements as set forth in 29 U.S.C. § 213.

## SEVENTH DEFENSE

The FLSA does not apply to Defendant to the extent Defendant's annual dollar value is less than $500,000.00.

## EIGHTH DEFENSE

Defendant had reasonable grounds for believing its acts or omissions were not in violation of the FLSA.

## NINTH DEFENSE

Plaintiffs' damages are *de minimus*.

## TENTH DEFENSE

Plaintiffs cannot bring a collective action under the FLSA because the Plaintiffs and the putative members of the collective action are not similarly situated.

## ELEVENTH DEFENSE

Defendant pleads the defense of after-acquired evidence, to the extent it may apply

## TWELFTH DEFENSE

Plaintiffs have failed to mitigate their damages. Alternatively, if Plaintiffs did mitigate their alleged damages, Defendant is entitled to an offset.

## THIRTEENTH DEFENSE

Defendant pleads the defense of unclean hands.

## FOURTEENTH DEFENSE

Any damages incurred by Plaintiffs were proximately caused by third parties over whom Defendant had no control or the result of a superseding and intervening cause.

## FIFTHTEENTH DEFENSE

Defendant reserve the right to amend its Answer to Plaintiffs' Complaint to raise any claims or additional defenses that may become available during the pendency of this litigation.

Date:   November 16, 2017

Respectfully submitted,

/s/  *Brian Lehman*
Brian Lehman
Lehman LG LLC
244 5th Ave., Suite B258
New York, NY 10001
*Attorney for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 16, 2017, I electronically filed the foregoing with the Clerk of the Court for the Southern District of New York by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ *Brian Lehman*