MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
VICENTE CARRASCO FLORES and
VALERIYA MUKHINA, *individually and on
behalf of others similarly situated,*

|                                        |                                           |
|----------------------------------------|-------------------------------------------|
|                            *Plaintiffs*, | **FIRST AMENDED COMPLAINT**              |
|                                        | **17-CV-06915-LGS**                       |
|                     -against-          | **COLLECTIVE ACTION UNDER**               |
|                                        | **29 U.S.C. § 216(b)**                    |
| NYC PASTA AND RISOTTO CO. LLC (d/b/a   | **ECF Case**                              |
| RADICCHIO PASTA AND RISOTTO CO.),      |                                           |
| SATINDER SHARMA and DANIEL             |                                           |
| MONTOYA,                               |                                           |

                                            *Defendants.*
-------------------------------------------------------X

Plaintiffs Vicente Carrasco Flores and Valeriya Mukhina , individually and on behalf of
others similarly situated (collectively, "Plaintiffs"), by and through their attorneys, Michael
Faillace & Associates, P.C., upon their knowledge and belief, and as against NYC Pasta and
Risotto Co. LLC (d/b/a Radicchio Pasta and Risotto Co.) ("Defendant Corporation"), Satinder
Sharma and Daniel Montoya ("Individual Defendants"), allege as follows:

## NATURE OF THE ACTION

1.      Plaintiffs are former employees of Defendants NYC Pasta and Risotto Co. LLC
(d/b/a Radicchio Pasta and Risotto Co.), Satinder Sharma and Daniel Montoya (collectively,
"Defendants").

2.      Defendants owned, operated, or controlled an Italian restaurant located at 235 E. 53rd Street, New York, New York 10022 (now operating with the same name at 34 Franklin Ave., Ridgewood, New Jersey 07450) under the name Radicchio Pasta and Risotto Co.

3.      Upon information and belief, individual defendants Satinder Sharma,   and Daniel Montoya serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operated the restaurant as a joint or unified enterprise.

4.      Plaintiffs were ostensibly employed as waitress and delivery worker.

5.      However, Plaintiff Mukhina, the waitress, was required to spend a considerable part of her work day performing non-tipped, non-delivery duties including but not limited to, taking delivery orders on the phone, preparing daily income  reports, preparing drinks), closing the restaurant,  cutting and wrapping cookies for delivery, shining glasses and bringing  dishes to the dishwasher (hereafter the "non-tipped duties").

6.      Similarly, Plaintiff Carrasco, the delivery worker, was required to spend a considerable part of his work day performing non-tipped, non-delivery duties including but not limited to, various restaurant duties such as cleaning the entire restaurant, preparing food, dishwashing, assisting the cooks, cutting chicken, cutting vegetables, preparing food sauces, filling the stations, cleaning refrigerators, bathroom, windows, folding card boxes, smashing cheeses for the food, buying products for the restaurant, picking up food or food products from other restaurants, carrying and stocking deliveries and other food items (hereafter the "non-tipped, non-delivery duties").

7.      At all times relevant to this Complaint, Plaintiffs worked for Defendants without appropriate minimum wage or overtime compensation for the hours that they worked.

8. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

9. Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they worked over 10 hours per day.

10. Defendants employed and accounted for Plaintiffs as delivery or tipped workers in their payroll, but in actuality these Plaintiffs' duties required greater or equal time spent in non-tipped, non-delivery duties.

11. Regardless, at all times Defendants paid these Plaintiffs at a rate that was lower than the required tip credited rate.

12. Under state law, Defendants were not entitled to take a tip credit because these Plaintiffs' non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever was less in each day (12 N.Y. C.R.R. §146).

13. Upon information and belief, Defendants employed the policy and practice of disguising these Plaintiffs' actual duties in payroll records by designating them as delivery or tipped workers instead of non-tipped employees. This allowed Defendants to avoid paying these Plaintiffs at the minimum wage rate and enabled them to pay these plaintiffs at the tip credited rate (which they still failed to do).

14. Furthermore, defendants maintained a policy and practice of unlawfully appropriating Plaintiffs' and other tipped employees' tips and made unlawful deductions from Plaintiffs' and other tipped employees' wages.

15. Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

16.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 142-2.4(a) (2009) (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

17.     Plaintiffs seek certification of this action as a collective action on behalf of themselves individually and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

18.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

19.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operated an Italian restaurant located in this district. Further, Plaintiffs were employed by Defendants in this district.

## THE PARTIES

*Plaintiffs*

20.     Plaintiff Vicente Carrasco Flores ("Plaintiff Carrasco" or "Mr. Carrasco") is an adult individual residing in Queens County, New York. Plaintiff Carrasco was employed by Defendants from approximately November 25, 2013 until on or about August 15, 2015.

21.     Plaintiff Valeriya Mukhina ("Plaintiff Mukhina" or "Ms. Mukhina") is an adult individual residing in Bronx County, New York. Plaintiff Mukhina was employed by Defendants from approximately July 2011 until on or about August 15, 2015.

*Defendants*

22.     At all relevant times, Defendants owned, operated, or controlled an Italian restaurant located at 235 E. 53rd Street, New York, New York 10022 (now operating with the same name at 34 Franklin Ave., Ridgewood, New Jersey 07450) under the name "Radicchio Pasta and Risotto Co."

23.      Upon information and belief NYC Pasta and Risotto Co. LLC ("Defendant Corporation") was a domestic corporation organized and existing under the laws of the State of New York.

24.     Upon information and belief, Defendant Corporation had its principal place of business at 235 E. 53rd Street, New York, New York, 10022 (now operating at 45 Franklin Street, Ridgeway, New Jersey, 07450).

25.     Defendant Satinder Sharma is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.  Defendant Satinder Sharma is sued individually in his capacity as owner, officer and/or agent of the Defendant Corporation. Defendant Satinder Sharma possesses operational controlled over Defendant Corporation, an ownership interest in Defendant Corporation, or controls significant functions of Defendant Corporation. Defendant Satinder Sharma determined the wages and compensation of the

employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

26.     Defendant Daniel Montoya is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.  Defendant Daniel Montoya is sued individually in his capacity as owner, officer and/or agent of the Defendant Corporation. Defendant Daniel Montoya possesses operational controlled over Defendant Corporation, an ownership interest in Defendant Corporation, or controls significant functions of Defendant Corporation. Defendant Daniel Montoya determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

### *Defendants Constitute Joint Employers*

27.     Defendants operated an Italian restaurant located in the midtown east section of Manhattan in New York City.

28.     The individual Defendants, Satinder Sharma,    and Daniel Montoya possessed operational control over Defendant Corporation, possessed ownership interests in Defendant Corporation, and controlled significant functions of Defendant Corporation.

29.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share controlled over employees.

30.     Each Defendant possessed substantial controlled over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

31.     Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

32.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

33.     Upon information and belief, individual defendants Satinder Sharma,   and Daniel Montoya operated Defendant Corporation as either an alter ego of themselves and/or failed to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

   a.  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a corporation,

   b.  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

   c.  transferring assets and debts freely as between all Defendants,

   d.  operating Defendant Corporation for their owned benefit as the sole or majority shareholders,

   e.  operating Defendant Corporation for their owned benefit and maintaining controlled over it as a closed corporation,

   f.  intermingling assets and debts of their owned with Defendant Corporation,

   g.  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their owned interests; and,

   h.  Other actions evincing a failure to adhere to the corporate form.

34.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law.  Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

35.     In each year from 2011 to 2016, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

36.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis were goods produced outside of the State of New York.

*Individual Plaintiffs*

37.     Plaintiffs are former employees of Defendants who ostensibly were employed as waitress and delivery worker.  However, the waitress and the delivery worker spent a considerable amount of time performing the non-tipped, non-delivery duties described above.

38.     Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Vicente Carrasco Flores*

39.     Plaintiff Carrasco was employed by Defendants from approximately November 25, 2012 until on or about August 15, 2015.

40.     Defendants ostensibly employed Plaintiff Carrasco as a delivery worker.

41.     However, Plaintiff Carrasco was also required to spend a significant portion of his work day performing the non-tipped, non-delivery duties described above.

42.     Although Plaintiff Carrasco was ostensibly employed as a delivery worker, he spent

over 20% of the time he worked each day performing non-delivery work throughout his employment with Defendants.

43.   Plaintiff Carrasco regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

44.   Plaintiff Carrasco's work duties required neither discretion nor independent judgment.

45.   Throughout his employment with Defendants, Plaintiff Carrasco regularly worked in excess of 40 hours per week.

46.   From approximately November 25, 2013 until on or about August 15, 2015 Plaintiff Carrasco worked from approximately 11:00 a.m. until on or about 11:30 p.m. three  days a week and from approximately 11:00 a.m. until on or about 12:00 a.m. three days a week (typically 76.5 hours per week).

47.   Throughout his employment with defendants, Plaintiff Carrasco was paid his wages by either check or in cash.

48.   From approximately November 25, 2013 until on or about July 31, 2015, Defendants paid Plaintiff Carrasco a fixed salary of $350 per week.

49.   From approximately August 1, 2015 until on or about August 15, 2015, Defendants paid Plaintiff Carrasco a fixed salary of $450 per week.

50.   Plaintiff Carrasco's pay did not vary even when he was required to stay late or work a longer day than his usual schedule of eight hours each day.

51.   In fact, Defendants required Plaintiff Carrasco to work one hour past his scheduled departure time three days a week and did not pay him for the additional time he worked.

52.   Plaintiff Carrasco was never notified by Defendants that his tips were being

included as an offset for wages.

53.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Carrasco's wages.

54.     Plaintiff Carrasco was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

55.     Furthermore, Defendants did not provide Plaintiff Carrasco with a statement of wages with each payment of wages, as required by NYLL 195(3).

56.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Carrasco regarding overtime and wages under the FLSA and NYLL.

57.     Defendants did not give any notice to Plaintiff Carrasco, in English and in Spanish (Plaintiff Carrasco's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

58.     Defendants required Plaintiff Carrasco to purchase "tools of the trade" with his owned funds—including 2 bicycles, a vest, a lock and chain, 2 sets of lights, 3 pair of breaks, 12 bicycles disks, 2 pair of gloves, and 2 helmets.

*Plaintiff Valeriya Mukhina*

59.     Plaintiff Mukhina was employed by Defendants from approximately July 2011 until on or about August 2015.

60.     Defendants ostensibly employed Plaintiff Mukhina as a waitress.

61.     However, Plaintiff Mukhina was also required to spend a significant portion of her work day performing the non-tipped, non-delivery duties described above.

62.     Although Plaintiff Mukhina was ostensibly employed as a waitress, she spent over

20% of the time she worked each day performing non-delivery work throughout her employment with Defendants.

63.     Plaintiff Mukhina regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

64.     Plaintiff Mukhina's work duties required neither discretion nor independent judgment.

65.     From approximately September 2011 until on or about August 2015, Plaintiff Mukhina worked from approximately 5:00 p.m. until on or about 11:00 p.m. two days a week, from approximately 5:00 p.m. until on or about 12:00 a.m. two days a week and from approximately 12:00 p.m. until on or about 1:00 a.m. one day a week (typically 39 hours per week).

66.     Throughout her employment with defendants, Plaintiff Mukhina was paid her wages by either personal check or in cash.

67.     From approximately September 2011 until on or about August 2015, Defendants paid Plaintiff Mukhina a fixed salary of $25.00 per shift.

68.     Plaintiff Mukhina's pay did not vary even when she was required to stay later or work a longer day than her usual schedule.

69.     In fact, defendants required Plaintiff Mukhina to work 1 hour past her scheduled stop time two days a week and did not pay her for the extra time they required her to work.

70.     In addition, defendants failed to pay Plaintiff Mukhina for a considerable number of weeks she worked and owe her around $10,000 in unpaid wages.

71.     Defendants never granted Plaintiff Mukhina any meal break or rest period of any length throughout her entire period of employment.

72.     Plaintiff Mukhina was never notified by Defendants that her tips were being

included as an offset for wages.

73.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Mukhina's wages.

74.     Defendants illegally withheld some of the tips that Plaintiff Mukhina earned from customers.

75.     Specifically, Defendants withheld a portion of the tips that clients wrote in for Plaintiff Mukhina

76.     No notifications, either in the form of posted notices or other means, were ever given to Plaintiff Mukhina regarding overtime and wages under the FLSA and NYLL.

77.     Plaintiff Mukhina was not required to keep track of her time, nor to her knowledge did the Defendants utilize any time tracking device such as punch cards, that accurately reflected her actual hours worked.

78.     Furthermore, Defendants did not provide Plaintiff Mukhina with a statement of wages with each payment of wages, as required by NYLL 195(3).

79.     Defendants did not give any notice to Plaintiff Mukhina of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

80.     Defendants required Plaintiff Mukhina to purchase "tools of the trade" with her owned funds—including 12 black pants and 12 dress shirts.

*Defendants' General Employment Practices*

81.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, overtime and spread of hours pay as required by federal and state laws.

82.     Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

83.     Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, resulting in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

84.     Defendants habitually required Plaintiffs to work additional hours beyond their regular shifts but did not provide them with any additional compensation.

85.     Defendants required Plaintiffs to perform general non-delivery, non-tipped restaurant tasks in addition to their primary duties as delivery worker or tipped worker.

86.     Plaintiffs were employed ostensibly as tipped employees by Defendants, although their actual duties included greater or equal time spent performing non-tipped duties.

87.     These Plaintiffs were paid at a rate that was lowered than the required tip-credited rate by Defendants.  However, under state law, Defendants were not entitled to a tip credit because Plaintiffs' non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever was less). 12 N.Y. C.R.R. § 146.

88.     New York State regulations provide that an employee cannot be classified as a tipped employee "on any day… in which he has been assigned to work in an occupation in which tips are not customarily received" (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

89.     Plaintiffs' duties were not incidental to their occupation as delivery worker or tipped worker but instead constituted entirely unrelated general restaurant work with duties

including the non-tipped, non-delivery duties described herein.

90.      In violation of federal and state law, as discussed above, Defendants classified these Plaintiffs as tipped employees and paid them at a rate that was lower than the required tip credited rate, when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

91.      As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.  This policy and pattern or practice included depriving tipped employees of a portion of the tips earned during the course of employment.

92.      Defendants unlawfully misappropriated charges purported to be gratuities received by Plaintiffs, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

93.      Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive, or forgo the tip credit and pay them the full hourly minimum wage.

94.      Defendants failed to inform Plaintiffs who received tips that Defendants intended to take a deduction against Plaintiffs' earned wages for tip income, as required by the NYLL before any deduction may be taken.

95.      Defendants failed to inform Plaintiffs that their tips would be credited towards the payment of the minimum wage.

96.      Defendants failed to maintain proper record of tips earned by Plaintiffs for the tipped duties they made to customers.

97.      Plaintiffs were paid their wages either by personal check or in cash.

98.      Defendants willfully disregarded and purposefully evaded recordkeeping

requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

99.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

100.    Defendants employed Plaintiffs as tipped workers and required them to provide their owned tools for the job, and refused to compensate them or reimburse them for these expenses.

101.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

102.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated current and former delivery workers or tipped workers.

103.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

104.     Defendants failed to provide Plaintiffs and other employees with wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

105.     Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

106.     Plaintiffs bring their FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants on or after the date that is three years before the filing of this Complaint (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

107.    At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions.

108.    At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay minimum wage and overtime one and one-half times their regular rates for work in excess of forty (40) hours per workweek.

109.    At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have been subject to Defendants' willful failure to keep records required by the FLSA.

110.    The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

111.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

112.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

113.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

114.    Defendants constituted an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

115.    In violation of 29 U.S.C. § 206(a), Defendants failed to pay Plaintiffs at the applicable minimum hourly rate.

116.    Defendants' failure to pay Plaintiffs at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

117.    Plaintiffs were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

118.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

119.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

120.    Defendants' failure to pay Plaintiffs, and the putative FLSA Class members, overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

121.    Plaintiffs were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

122.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

123.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiffs, controlled their terms and conditions of employment, and determined the rates and methods of any compensation in exchange for their employment.

124.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

125.     Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

126.     Plaintiffs were damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

127.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

128.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

129.     Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

130.     Plaintiffs were damaged in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

131.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

132.     Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 142-1.6

133.     Defendants' failure to pay Plaintiffs an additional hour's pay for each day

Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

134.    Plaintiffs were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

135.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

136.    Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

137.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

138.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

139.    With each payment of wages, Defendants failed to provide Plaintiffs with a statement listing each the following: the dates of work covered by that payment of wages; name

of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

140.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

141.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

142.    Defendants required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, such as bicycles and shirts, further reducing their wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

143.    Plaintiffs were damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION

### OF THE NEW YORK LABOR LAW

144.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

145.    At all relevant times, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

146.    New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the

gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

147.    Defendants unlawfully misappropriated a portion of Plaintiff Mukhina's tips that were received from customers.

148.    Defendants knowingly and intentionally retained a portion of Plaintiff Mukhina's tips in violations of the NYLL and supporting Department of Labor Regulations.

149.    Plaintiff Mukhina was damaged in an amount to be determined at trial.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective collective class members);

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective collective class members);

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' (and the prospective collective class members') compensation, hours, wages, and any deductions or credits taken

against wages;

(e)     Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiffs (including the prospective collective class members);

(f)     Awarding Plaintiffs (including the prospective collective class members) damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiffs (including the prospective collective class members) liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)     Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiffs;

(k)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiffs;

(m)     Awarding Plaintiffs damages for the amount of unpaid minimum and overtime wages, and for any improper deductions or credits taken against wages, as well as awarding spread

of hours pay under the NYLL, as applicable;

(n)     Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)     Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation showed to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)     Awarding Plaintiffs (including the prospective collective class members) pre-judgment and post-judgment interest as applicable;

(q)      Awarding Plaintiffs (including the prospective collective class members) the expenses incurred in this action, including costs and attorneys' fees;

(r)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York
       December 7, 2017

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:     /s/ Michael Faillace
        Michael Faillace [MF-8436]
        60 East 42nd Street, suite 4510
        New York, New York 10165
        Telephone: (212) 317-1200

Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*