UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------X
VICENTE CARRASCO FLORES AND
VALERIYA MUKHINA, *individually and on behalf of others*,

                                   Plaintffs,

-- against –

NYC PASTA AND RISOTTO CO., LLC
(D/B/A RADICCHIO PASTA AND RISOTTO
CO.), SATINDER SHARMA AND
DANIEL MONTOYA,

                                     Defendants
-------------------------------------------------X

17 Civ. 06915 (LGS)

ANSWER TO
AMENDED COMPLAINT
(JURY DEMAND)

## ANSWER

NYC Pasta and Risotto Co., LLC ("NYC Pasta") as well as Satinder Sharma and Daniel Montoya ("Individual Defendants") (collectively "Defendants") by and through its attorneys, hereby answer the Amended Complaint filed on December 7, 2017 (CM/ECF No. 32), as follows:

## NATURE OF THE ACTION

1. Valeriya Mukhina was an employee of NYC Pasta. Defendants lack sufficient knowledge or information to answer whether Vicente Carraso Flores was an employee of NYC Pasta. Defendants otherwise deny this allegation.

2. Defendants admit that NYC Pasta owned a restaurant located at 235 E. 53rd Street in New York, NY, that ceased to operate on August 15, 2016. Defendant Satinder Sharma owns 50% of the membership interests in NYC Pasta (an LLC), while Defendant Daniel Montoya has no membership interests in NYC Pasta and was a chef in the restaurant. Defendants otherwise deny

this allegation.

3. Deny.

4. Defendants lack sufficient knowledge or information to determine the truth of the allegations.

5. Defendants lack sufficient knowledge or information to determine the truth of the allegations.

6. Defendants lack sufficient knowledge or information to determine the truth of the allegations.

7. Deny.

8. Defendants lack sufficient knowledge or information to determine the truth of the allegations.

9. Deny.

10. Deny.

11. Deny.

12. The paragraph alleges legal conclusions that require no answer of Defendant, but to the extent that such allegations require an answer, they are denied.

13. Deny.

14. Deny.

15. Deny.

16. This paragraph alleges legal conclusions that require no answer of Defendant, but to the extent that such allegations require an answer, they are denied.

17. Admit that Plaintiffs seek certification of this action as a collective action but otherwise deny.

## JURISDICTION AND VENUE

18. Defendants lack sufficient knowledge or information to determine the truth of the allegations.

19. Defendants admit that venue is proper in this district.

## THE PARTIES

*Plaintiffs*

20. Defendants lack sufficient knowledge or information to determine the truth of the allegations.

21.     Defendants lack sufficient knowledge or information to determine the truth of the allegations.

*Defendants*

22.     Defendants admit NYC Pasta owned a restaurant located at 235 E. 53rd Street in New York, NY, and otherwise deny this allegation.

23.     NYC Pasta is not a corporation but a limited liability company ("LLC") organized and existing under the laws of New York.

24.     Defendants admit NYC Pasta owned a restaurant located at 235 E. 53rd Street in New York, NY, and otherwise deny this allegation.

25.     Deny.

26.     Defendants lack sufficient knowledge or information to determine the truth of the allegations.

**FACTUAL ALLEGATIONS**
*Defendants Constitute Joint Employers*

27.     Defendants admit that NYC Pasta owned a restaurant located at 235 E. 53rd Street in New York, NY, and otherwise deny this allegation.

28-34.  Defendants deny paragraphs 28-34.

35.     Defendants lack sufficient knowledge or information to determine the truth of the allegations.

36.     Defendants lack sufficient knowledge or information to determine the truth of the allegations.

*Individual Plaintiffs*

37.     Deny.

38.     Admit that Plaintiffs seek to represent a class but otherwise deny.

*Plaintiff Vicente Carrasco Flores*

39-58.  Defendants lack sufficient knowledge or information to determine the truth of the allegations in paragraphs 38-58.

*Plaintiff Valeriya Mukhina*

59-80.  Defendants lack sufficient knowledge or information to determine the truth of the allegations

in paragraphs 59-80.

*Defendants' General Employment Practices*

81-87.   Defendants deny paragraphs 81-87.

88.   This paragraph alleges legal conclusions that require no answer of Defendant, but to the extent that such allegations require an answer they are denied.

89.   Deny.

90.   Deny.

91.   Deny.

92.   Deny.

93.   This paragraph alleges legal conclusions that require no answer of Defendant, but to the extent that such allegations require an answer they are denied.

94.   Defendants lack sufficient knowledge or information to determine the truth of the allegations.

95.   Defendants lack sufficient knowledge or information to determine the truth of the allegations.

96.   Defendants lack sufficient knowledge or information to determine the truth of the allegations.

97.   Defendants lack sufficient knowledge or information to determine the truth of the allegations.

98.   Deny.

99.   Deny.

100.   Deny.

101.   Deny.

102.   Deny.

103.   Defendants lack sufficient knowledge or information to determine the truth of the allegations.

104.   Defendants lack sufficient knowledge or information to determine the truth of the allegations.

105.   Defendants lack sufficient knowledge or information to determine the truth of the allegations.

### FLSA COLLECTIVE ACTION CLAIMS

Paragraphs 106-110 allege legal conclusions that require no answer of Defendant, but to the extent that such allegations require an answer they are denied.

### FIRST - NINTH CAUSES OF ACTION

Paragraphs 111-149 state Plaintiffs' causes of action and allege legal conclusions that require no answer of Defendant, but to the extent that such allegations require an answer they are denied.

### PRAYER FOR RELIEF

Defendant denies that it is liable to Plaintiffs for any wrongdoing or that Plaintiffs are entitled to any of the relief requested and respectfully requests this Honorable Court enter judgment in favor of Defendant, dismiss Plaintiffs' claims against Defendant with prejudice, and tax all Court costs against Plaintiff.

### JURY DEMAND

Defendant demands a jury to try all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

### AFFIRMATIVE DEFENSES

Defendants hereby assert the following affirmative defenses to Plaintiffs' claims.

### FIRST DEFENSE

Defendants deny all allegations of Plaintiff's Complaint not explicitly admitted in this Answer and demand strict proof of such allegations.

### SECOND DEFENSE

Plaintiffs' Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

### FOURTH DEFENSE

Defendants did not engage in willful conduct and thus the two (2) year statute of limitations under the FLSA should apply.

### FIFTH DEFENSE

Defendants acted in good faith to comply with the FLSA.

### SIXTH DEFENSE

Defendants affirmatively plead the exemptions to the minimum wage and maximum hour requirements as set forth in 29 U.S.C. § 213.

### SEVENTH DEFENSE

The FLSA does not apply to Defendants, individual or as a group, to the extent the annual dollar value is less than $500,000.00 for Defendants, individual or as a group.

### EIGHTH DEFENSE

Defendant had reasonable grounds for believing its acts or omissions were not in violation of the FLSA.

### NINTH DEFENSE

Plaintiffs' damages are *de minimus*.

### TENTH DEFENSE

Plaintiffs cannot bring a collective action under the FLSA because the Plaintiffs and the putative members of the collective action are not similarly situated.

### ELEVENTH DEFENSE

Plaintiffs cannot pierce the veil of the LLC because they have not requested it in the prayer for relief nor alleged that the Individual Defendants had complete domination over the LLC and this domination resulted in plaintiffs' injury of alleged FLSA and NYLL violations.

**TWELFTH DEFENSE**

Plaintiffs have failed to mitigate their damages. Alternatively, if Plaintiffs did mitigate their alleged damages, Defendant is entitled to an offset.

**THIRTEENTH DEFENSE**

Defendant pleads the defense of unclean hands.

**FOURTEENTH DEFENSE**

Any damages incurred by Plaintiffs were proximately caused by third parties over whom Defendant had no control or the result of a superseding and intervening cause.

**FIFTHTEENTH DEFENSE**

Defendant reserve the right to amend its Answer to Plaintiffs' Complaint to raise any claims or additional defenses that may become available during the pendency of this litigation.


Date:   January 1, 2018

Respectfully submitted,

/s/  *Brian Lehman*
Brian Lehman
Lehman LG LLC
244 5th Ave., Suite B258
New York, NY 10001
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

     I hereby certify that on January 1, 2018, I electronically filed the foregoing with the Clerk of the Court for the Southern District of New York by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

                                                                                    /s/ *Brian Lehman*