**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| VICENTE CARRASCO FLORES and VALERIYA MUKHINA,, <br> *individually and on behalf of others similarly situated*, <br><br><br> *Plaintiffs*, <br><br> -against- <br><br> NYC PASTA AND RISOTTO CO. LLC  (d/b/a RADICCHIO PASTA AND RISOTTO CO.), SATINDER SHARMA and DANIEL MONTOYA, <br><br> *Defendants*. | Case No.:  **17-CV-06915-LGS** |

**JOINT PRETRIAL ORDER**

Hon. Lorna G. Schofield, United States District Judge:

The parties having conferred and the following statements, directions, and agreements are

adopted as their Joint Pretrial Order:

1. Full Caption of the Action.

   The full caption of the action is as set forth above.

2. Trial Counsel.

   For Plaintiffs VINCENTE CARRASCO FLORES and VALERIYA MUKHINA

   Colin Mulholland, Esq.
   Michael Faillace & Associates, P.C.
   One Grand Central Place
   60 East 42nd Street – Suite 2540
   New York, New York 10165

   Telephone (212) 317-1200
   Facsimile (212) 317-1620
   E-mail: cmulholland@faillacelaw.com

   For all Defendants

Brian Earl Lehman, Esq.
Lehman Lg LLC
244 Fifth Avenue Suite B258
New York, NY 10001
Tel: (724) 453-4626
Email: brian@lehmanlawgroup.com

3.     Statement of Jurisdiction.

The court has jurisdiction pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1344, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4.     Claims and Defenses to be tried.

**Violation of the Minimum Wage Provisions of the FLSA.**  Plaintiffs allege that Defendants were their employers and failed to pay them the applicable hourly minimum wage rate.  29 U.S.C. §§ 206, 216, 255(a).

**Violation of the Overtime Provisions of the FLSA**.    Plaintiffs allege that Defendants were their employers and failed to pay them the applicable overtime wage rate for all hours above 40 worked in a week.  29 U.S.C. §§ 207, 216, 255(a).

**Violation of the New York Minimum Wage Provisions.**  Plaintiffs allege that Defendants were their employers and failed to pay them the applicable hourly minimum wage rate.  NYLL §§652(1), 663.

**Violation of the New York Overtime Provisions.**  Plaintiffs allege that Defendants were their employers and failed to pay them the applicable overtime wage rate for all hours above 40 worked in a week.  NYLL §§190, et seq.; 12 NYCRR §146-1.4.

**Violation of the Spread of Hours Wage Order of the New York Commissioner of Labor.**
Plaintiffs allege that Defendants were their employers and failed to pay them an additional hour's

pay for each day that the interval between the beginning and end of their workdays was more than ten hours.  12 NYCRR § 146-1.6.

**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law.**

Plaintiffs allege that Defendants failed to provide them with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

**Violation of the Wage Statement Provisions of the New York Labor Law.**  Plaintiffs allege that Defendants did not provide them with a statement of wages with each payment, as required by NYLL §195(3).

**Recovery of Equipment Costs.**  Defendants required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, such as bicycles and shirts, further reducing their wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

**Unlawful Deductions from Tips in Violation of New York Labor Law** Plaintiffs allege that Defendants unlawfully misappropriated a portion of Plaintiff Mukhina's tips that were received from customers.

5. Statement of Jury vs. Non-Jury trial.

   The case is to be tried with a jury.  The parties anticipate two to three (3-4) days.

6. Whether the parties consent to the jurisdiction of a Magistrate Judge.

   The parties have not consented to trial by a magistrate judge.

7. Stipulations of fact or law agreed to by all parties.

    a.   At all times relevant to this action, NYC PASTA AND RISOTTO CO. LLC (d/b/a RADICCHIO PASTA AND RISOTTO CO.) was a domestic corporation, organized and existing under the laws of the State of New York, with a primary address at 235 E. 53rd Street, New York, New York 10022 (now operating with the same name at 34 Franklin Ave., Ridgewood, New Jersey 07450) under the name Radicchio Pasta and Risotto Co.

    b.   At all times relevant to this action NYC PASTA AND RISOTTO CO. LLC (d/b/a RADICCHIO PASTA AND RISOTTO CO.) was an "enterprise engaged in commerce" within the meaning of the Federal Fair Labor Standards Act (FLSA), had gross annual revenues in excess of $500,000, used goods produced in or transported in interstate commerce, and the work performed by the Plaintiffs was essential to its business. As such, Defendants are subject to the minimum wage and overtime provisions of the Fair Labor Standards Act.

    c.   Each of the Plaintiffs is a former employee of the Defendant corporation.

    d.   That Individual Defendant Santinder Sharma was an owner of the Corporate Defendant herein although he disputes his status as an employer.

8. Witnesses.

    a.  For Plaintiffs:

      Plaintiffs reserve their right to call the Defendants as adverse witnesses and/or for impeachment, and any other witness for the purposes of impeachment.

        i.   VICENTE CARRASCO FLORES

       ii.   VALERIYA MUKHINA

      iii.   SATINDER SHARMA – adverse witness

          iv.   DANIEL MONTOYA – adverse witness

      b.  For Defendants

         i.

9.     Designation of deposition testimony.

        None

10.    List of Exhibits.

The parties reserve the right to offer additional exhibits, including but not limited to deposition testimony transcripts, for the purpose of impeachment.

Exhibits listed as P-[number] will be offered by Plaintiffs.  Exhibits listed as D-[letter] will be offered by Defendants

| Exhibit | Description | Objection |
|---------|-------------|-----------|
| P-1 | NYC Pasta Risotto Checks | |
| P-2 | Bricklane Curryhouse Checks | |
| P-3 | Photos of Work Schedules | |
| | | |
| D-1 | | |
| D-2 | | |
| D-3 | | |
| D-4 | | |
| D-4 | | |
| D-5 | | |
| D-6 | | |
| | | |

11.     Statement of Damages:

    a.  Flores

Unpaid Wages: $41,678.44

Liquidated Damages: $41,678.44

Unpaid Spread of Hours: $4,288.50

Liquidated Damages on Spread of Hours: $4,288.50

Annual Wage Notice Violations:  $5,000.00

Annual Wage Statement Violations: $5,000.00

Pre-Judgement Interest on OT and Wages: $14,135.48

Pre-Judgment Interest on Spread of Hours: $1,446.18

Tools of the Trade: $4,780.00

    b.  Mukhina

Unpaid Wages: $41,678.44

Liquidated Damages: $41,678.44

Unpaid Spread of Hours: $4,312.50

Liquidated Damages on Spread of Hours: $4,312.50

Annual Wage Notice Violations:  $5,000.00

Annual Wage Statement Violations: $5,000.00

Pre-Judgement Interest on OT and Wages: $4,695.71

Pre-Judgment Interest on Spread of Hours: $9.11

Tools of the Trade: $180

Attorney fees: To be Determined

12.     The parties do not consent to a less than unanimous verdict.

**MICHAEL FAILLACE & ASSOCIATES, P.C.**                **LEHMAN LAW GROUP LLC**

By: _____

 Colin Mulholland, Esq.
MICHAEL FAILLACE & ASSOCIATES
One Grand Central Place
60 East 42nd Street, Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Email: cmulholland@faillacelaw.com

By: _____

Brian Earl Lehman, Esq.
LEHMAN LG LLC
244 Fifth Avenue Suite B258
New York, NY 10001
Tel: (724) 453-4626
Email: brian@lehmanlawgroup.com


So-Ordered: _____
                  Honorable Lorna G. Schofield