**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
 VICENTE CARRASCO FLORES and                    Index No. **17-CV-06915-LGS**
 VALERIYA MUKHINA,

     *Plaintiff*,

   -against-

NYC PASTA AND RISOTTO CO. LLC
(d/b/a RADICCHIO PASTA AND RISOTTO
CO.), SATINDER SHARMA and DANIEL
MONTOYA,

     *Defendants.*
-----------------------------------------------------------X

**PLAINTIFFS' PRE-TRIAL MEMORANDUM OF LAW REGARDING INDIVIDUAL LIABILITY FOR WAGE VIOLATIONS UNDER THE OPERATIONAL CONTROL THEORY**

MICHAEL FAILLACE & ASSOCIATES, P.C.
Colin Mulholland, Esq.
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiffs*

The Fair Labor Standards Act (FLSA) includes the "broadest definition" of the employment relationship "that has ever been included in any one act." *United States v. Rosenwasser*, 323 U.S. 360, 363 n.3 (1945). It defines "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee," and "employ" as "to suffer or permit to work." 29 U.S.C. § 203(d), (g). Based on this language, "[t]he overwhelming weight of authority" holds that "a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir. 1983) (emphasis added).

"The Supreme Court has recognized that `broad coverage [under the FLSA] is essential to accomplish the [statute's] goal of outlawing from interstate commerce goods produced under conditions that fall below minimum standards of decency." *Irizarry v. Catsimatidis*, 722 F.3d 99, 103 (2d Cir. 2013) (citing *Tony & Susan Alamo Found v. Sec'y of Labor*, 471 U.S. 290, 296 (1985)).

In *Carter v. Dutchess Community College*, 735 F.2d 8 (2d Cir. 1984), the Second Circuit identified four factors for determining the `economic reality' of a putative employment relationship: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Barfield v. NYC Health & Hosps. Corp.*, 537 F.3d, 132, 142 (2d Cir. 2008) (quoting *Carter*, 735 F.2d at 12).

However, these factors do not constitute "a rigid rule for the identification of a FLSA employer," but rather "provide a nonexclusive and overlapping set of factors to ensure that the

economic realities test mandated by the Supreme Court is sufficiently comprehensive and flexible to give proper effect to the broad language of the FLSA." *Id.* at 143.

## OPERATIONAL CONTROL

In addition to the four *Carter* factors, courts must also consider "other factors bearing upon the overarching concern of whether the alleged employer possessed the power to control the workers in question." *Irizarry* 722 F.3d at 105 (citing *Herman v. RSR Sec. Servs.*, 172 F.3d 132, 139 (2d Cir. 1999)). Most importantly, courts must consider whether the individual possessed "operational control." *Id.* at 109. "A person exercises operational control over employees if his or her role within the company, and the decisions it entails, directly affect the nature or conditions of the employees' employment." *Id.* at 110.

Employer "status does not require continuous monitoring of employees, looking over their shoulders at all times, or any sort of absolute control of one's employees. Control may be restricted, or exercised only occasionally, without removing the employment relationship from the protections of the FLSA, since such limitations on control do not diminish the significance of its existence." *Herman v. RSR Sec. Serv. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999) (citation, internal quotation marks omitted). Indeed, "in certain circumstances, an entity can be a joint employer under the FLSA even when it does not hire and fire its joint employees, directly dictate their hours, or pay them." *Zheng*, 355 F.3d at 70. Under the language of the FLSA, even merely not acting on available information leads to liability if one had the power to stop work and did not do so. *See Torres v. Gristede's Operating Corp.*, No. 04 Civ. 3316 (PAC), 2011 WL 4571792, at *2 (S.D.N.Y. Sept. 23, 2011).

As this Court explained in *Irizarry*, "operational control" does not require that the individual putative employer be responsible for managing the plaintiff employees, or even that she

had come directly in contact "with the plaintiffs, their workplaces, or their schedules." *Id.* Nor must the individual defendant be "personally complicit in FLSA violations." *Id.* Moreover, evidence beyond the individual's authority over employees, including evidence of the individual's authority over the business's affairs in general, is relevant to the totality of the circumstances to determine the individual's operational control of the employment. *Id.*

While the question of whether the same test for employer status applies under the NYLL was left open by the 2nd Circuit in *Irizarry*, *id.* at 117-118, "district courts in this Circuit have consistently interpreted the definition of `employer' under the New York Labor Law coextensively with the definition used by the FLSA." *Ho v. Sim Enters.*, 2014 U.S. Dist. LEXIS 66408, *26 (S.D.N.Y. May 14, 2014); *see also Hart v. Rick's Cabaret Int'l, Inc.*, 967 F.Supp.2d 901, 940 (S.D.N.Y. 2013).

Financial control of a company can be an important consideration in finding an individual to be an employer. *Irizarry,* 722 F.3d at 115. In *Irizarry*, the individual at issue testified that "he could shut down the business, declare bankruptcy, as well as provide the personal signature necessary for a bank letter of credit to be issued in favor of [the business] . . . which further demonstrates the kind of financial control emphasizes" in finding an individual to be an employer. *Id.* Moreover, as part of considering whether an individual determined employees pay, this Court has considered whether the individual "controlled the company financially." *Irizarry*, 722 F.3d at 115 (quoting *RSR Sec. Servs.*, 172 F.3d at 140 ).

Dated:      New York, New York
            August 29th, 2018

                                                    MICHAEL FAILLACE & ASSOCIATES, P.C.

                                            By:     /s/ Colin Mulholland, Esq. _____
                                                    Colin Mulholland, Esq.

60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*