UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

VICENTE CARRASCO FLORES and
VALERIYA MUKHINA,

       Plaintiff,     **17 Civ. 06915 (LGS)**

       -against-

NYC PASTA AND RISOTTO CO. LLC
(d/b/a RADICCHIO PASTA AND
RISOTTO CO.), SATINDER SHARMA and
DANIEL MONTOYA,

       Defendants.

--------------------------------------------------------X

**DEFENDNANTS' PRE-TRIAL MEMORANDUM OF LAW REGARDING
INDIVIDUAL LIABILITY FOR WAGE VIOLATIONS**

                                                 Brian Lehman
                                                 Lehman LG LLC
                                               244 5th Ave., Suite B258
                                               New York, New York 10001
                                                   Counsel for Defendants

Liability under the Fair Labor Standard Act ("FLSA") extends only to an "employer." 29 U.S.C. § 216(b).[1] The Supreme Court and other courts have long noted that the FLSA contains "no definition that solves problems as to the limits of the employer-employee relationship under the Act." *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 728 (1947). As the Second Circuit has explained:

> Unfortunately . . . the statute's definition of "employer" relies on the very word it seeks to define: "'Employer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The statute nowhere defines "employer" in the first instance.

*Irizarry v. Catsimatidis*, 722 F. 3d 99, 103 (2d Cir. 2013).

Given the FLSA's circular statutory definition of "employer," the Supreme Court has held that "the 'economic reality' rather than 'technical concepts' is to be the test of employment." *Goldberg v. Whitaker House Cooperative, Inc.*, 366 U.S. 28, 33 (1961) (citation omitted). In *Carter v. Dutchess Community College*, 735 F.2d 8 (2d Cir.1984), the Second Circuit first identified four factors that are likely to be relevant to the question of whether a defendant is an "employer." *Id.* at 12 (relying on *Bonnette v. California Health & Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir.1983). Those factors are whether the defendant (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records. *See id.*

---

[1] Liability under New York Labor Law ("NYLL") similarly extends only to an "employer" and "agent[s]." N.Y. Lab. Law § 662(1). The definition of "employer" under the NYLL is "any person . . . employing any individual in any occupation, industry, trade, business or service" or "any individual . . . acting as employer." N.Y. Lab. Law §§ 190(3) & 651(6). The New York Court of Appeals has not yet answered the question of whether the test for "employer" status is the same under the FLSA and the NYLL but courts have generally assumed that it is, *see* Ramirez v. Riverbay Corp., 35 F. Supp. 3d 513, 520-21 & n.2 (S.D.N.Y. 2014).

These factors are not a "rigid rule for the identification of an FLSA employer." *Barfield v. NYC Health & Hosps. Corp.*, 537 F.3d 132, 140 (2d Cir. 2008). "To the contrary," these factors "provide a nonexclusive and overlapping set of factors to ensure that the economic realities test mandated by the Supreme Court is sufficiently comprehensive and flexible to give proper effect to the broad language of the FLSA." *Id.* at 143; *see also Herman v. RSR Sec. Services Ltd.*, 172 F. 3d 132, 139 (2d Cir. 1999) (hereinafter referred to as "*RSR*") ("No one of the four factors standing alone is dispositive. Instead, the 'economic reality' test encompasses the totality of circumstances, no one of which is exclusive.") (citation omitted). Within the context of the FLSA, employment is "a flexible concept to be determined on a case-by-case basis by review of the totality of the circumstances." *Barfield*, 537 F.3d at 141-42.[2]

There is no "operational control theory" for liability under the FLSA. Rather, operational control of the day-to-day functions of a company is one relevant factor to consider in determining whether a defendant is an employer. *See Herman*, 172 F. 3d at 139; *see also Irizarry v. Catsimatidis*, 722 F.3d 99 (2d Cir. 2013). Such a "theory" would contradict the numerous and long-standing holdings that the determination of whether an employer-employee relationship exists does not depend on "isolated factors but rather upon the circumstances of the whole activity." *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730 (1947) (interpreting FLSA); *see also Saleem v. Corporate Trans. Group, Ltd.*, 854 F.3d 131, 140 (2d Cir. 2017); *Marcelino v. 374 Food, Inc.*, No. 16 Civ. 6287 (KPF), 2018 WL 1517205 (S.D.N.Y. Mar. 27, 2018); *Wolman v. Catholic Health Sys. of Long Island, Inc.*, 853 F. Supp. 2d 290, 299 (E.D.N.Y. 2012), *aff'd in*

---

[2] *See, e.g.*, *Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 72 (2d Cir. 2003) (identifying multiple factors for distinguishing employees from independent contractors as first discussed in *Brock v. Superior Care, Inc.*, 840 F.2d 1054 (2d Cir. 1988)); *see also Brock*, 840 F.2d at 1059 (explaining that these factors are typically more relevant when the case involves a situation where the trier of fact must determine if the workers "depend upon someone else's business for the opportunity to render service or are in business for themselves").

*part, rev'd in part on other grounds sub nom. Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106 (2d Cir. 2013).*Tracy v. NVR, Inc.*, No. 04 Civ. 6541 (DGL) (MWP), 2009 WL 3153150, at *4 (W.D.N.Y. Sept. 30, 2009) (collecting cases), report and recommendation *adopted as modified*, 667 F. Supp. 2d 244 (W.D.N.Y. 2009).

Finally, it bears emphasizing that one decision in the Southern District of New York has already held that Satinder Sharma – one of the defendants in this case – "did not exercise operational control over Plaintiffs, and thus was not their employer." *Tapia v. Blch 3rd Ave. LLC*, 2016 WL 4581341, at *5 (S.D.N.Y. Sept. 1, 2016). After a bench trial, the Court held:

> [Sharma] did not hire and fire employees. He was not involved in setting schedules or other conditions of employment. For instance, there is no evidence that Sharma was involved in disciplining employees or monitoring attendance. He was not involved in setting compensation or making payments. Nor was he directly responsible for maintaining employment records, though he did review them at the end of each week. Only the fourth Carter factor is even partially satisfied. It is true that Sharma was a 50% shareholder of BLCH, but "[e]vidence that an individual is an owner or officer of a company, or otherwise makes corporate decisions that have nothing to do with an employee's function, is insufficient to demonstrate 'employer' status." *Irizarry*, 722 F.3d at 109. Sharma also frequented the restaurant and played at least some part in directing employees and managers in carrying out their tasks. But several courts in this Circuit have found that an ownership interest coupled with a role in supervising employees is not sufficient to sustain individual FLSA liability . . . . The Court is persuaded by these authorities, and determines that Sharma's role in reviewing payment records is not sufficient to change the outcome of this analysis.

*Id.* (citations omitted). While this case involves different plaintiffs and a different restaurant, the reasoning applies here as well as Mr. Sharma's role is the same as in *Tapia*.

Respectfully submitted,
/s/ *Brian Lehman*
Brian Lehman
Counsel for Defendants
brian@lehmanlawgroup.com
724-453-4626
