```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
VICENTE CARRASCO FLORES and
VALERIYA MUKHINA, individually and
on behalf of others similarly situated,            17 Civ. 06915 (LGS)

                        Plaintiffs,

            -against-

NYC PASTA AND RISOTTO CO. LLC
(d/b/a RADICCHIO PASTA AND RISOTTO
CO.), Satinder Sharma, and Daniel Montoya,

                        Defendants.
--------------------------------------------------------X
```

## Notice of Motion for Judgment as a Matter of Law Under FRCP 50(a)

Pursuant to Rule 50(a) of the Federal Rules of Civil Procedure, Defendants Satinder Sharma and Daniel Montoya respectfully move that the claims against them be dismissed. Rule 50 provides:

> (a) Judgment as a Matter of Law.
>
>> (1) In General. <u>If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue</u>, the court may:
>>
>> (A) resolve the issue against the party; and
>>
>>> (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.
>>
>> (2) Motion. <u>A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury</u>. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment.

Fed. R. Civ. P. 50(a)(1)-(2) (emphasis added)

On September 5, 2018, Plaintiffs Valeriya Mukhina ("Mukhina") and Vicente Carrasco Flores ("Carrasco") were fully heard, in open court before a seated jury of eight people. Plaintiffs gave direct testimony and were subject to cross-examination. Moreover, <u>every</u> exhibit that Plaintiffs submitted to the Court was allowed into evidence without objection from Defendants.

A reasonable jury does not have a legally sufficient evidentiary basis to find that:

(1) Defendant Sharma was Plaintiff Mukhina's employer;

(2) Defendant Sharma was Plaintiff Carrasco's employer;

(3) Defendant Montoya was Plaintiff Mukhina's employer; or

(4) Defendant Montoya was Plaintiff Carrasco's employer.

The only evidence against Mr. Sharma by Plaintiff Mukhina (assumed to be true for purposes of this motion) is that (1) Mr. Sharma was at the restaurant for up to three hours a week; (2) Mr. Sharma was a 50% owner along with Mr. Ajit Bains (who is not a defendant); (3) Mr. Sharma's signature is on a limited number of the checks (each of which is filled out by someone other than Mr. Sharma including Plaintiff Mukhina and, as she identified, the mangers).  Ms. Mukhina was not hired by Mr. Sharma but rather her first manager.  Ms. Mukina worked under a manager of the store the entire time at the restaurant. Ms. Mukhina was not fired by Mr. Sharma but rather the restaurant shut its doors on August 15, 2015 – more than two years before the complaint was filed.[1]

---

[1] The statute of limitations for federal claims is two years unless there is evidence that the violations of federal law were "willful."No such evidence has been presented by Plaintiffs.The federal claims are thus barred by the statute of limitations.

There is no evidence against Mr. Sharma by Plaintiff Carrasco except that Mr. Sharma was a 50% owner in the LLC – a fact that has never been contest and is clearly insufficient as a matter of law.

There is no evidence against Defendant Montoya by Plaintiff Mukhina.  Mr. Montoya did not hire her, he did not fire her, he did not determine her schedule, he did not determine her pay or even hand her the paychecks, he did not record or approve her hours, he did not critique her work or discipline her.  Mr. Montoya was a cook – or, if one chooses to be respectful to an older man in the restaurant industry, a chef.

There is no evidence against Defendant Montoya on the issue of employer liability by Plaintiff Carrasco except he refused to give free food from the restaurant to him and objected that he was not doing his job.  Even assuming this is true and not contesting the credibility of the testimony <u>for purposes of this motion</u>, this evidence only show that Mr. Montoya refused to steal from the restaurant for another employee and expressed care that this employee was not doing his job.

Plaintiffs have been fully heard and this motion may be filed at any time.  Plaintiffs' claims should against the individual defendants should be dismissed under law well-established in this Circuit including *Tapia v. Blch 3rd Ave. LLC*, 2016 WL 4581341, at *5 (S.D.N.Y. Sept. 1, 2016) (finding Defendants Sati and Ajit were not liable under federal or state law).  Finally, it bears emphasizing that Plaintiff's counsel has taken the position against one of the same defendant that the "ultimate decision as to whether a party is an employer under the FLSA is a legal conclusion" for the court to resolve in its appeal against Mr. Sharma in the above cited case.  Exhibit 1 at 5-6 attached hereto (Appellants' brief). If Plaintiffs now wish to take a different position against Mr. Sharma on how the issue of liability against individual people is

determined, it is respectfully submitted that they do so promptly and clearly so that the Court may render its decision in light of its new position.

For the reasons above, Defendants Sharma and Montoya seek that the Court enter judgment against Plaintiffs and dismiss their claims against them pursuant to Fed. R. Civ. P. 50(a)(1)-(2).

/s/ <i>Brian Lehman</i>
Brian Lehman
Lehman LG LLC
244 5th Ave., Suite B258
New York, New York 10001
Counsel for Individual Defendants