UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
VICENTE CARRASCO FLORES and          Index No. **17-CV-06915-LGS**
VALERIYA MUKHINA,

                           *Plaintiff*,

      -against-

NYC PASTA AND RISOTTO CO. LLC
(d/b/a RADICCHIO PASTA AND RISOTTO
CO.), SATINDER SHARMA and DANIEL
MONTOYA,

                           *Defendants.*
----------------------------------------------------------X

**PLAINTIFFS' TRIAL MEMORANDUM REGARDING TIPS, FIXED RATES, PROPOSED JURY INSTRUCTIONS AND VERDICT SHEET AMENDMENTS**

MICHAEL FAILLACE & ASSOCIATES, P.C.
Colin Mulholland, Esq.
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiffs*

Plaintiff submits this brief memorandum pursuant to the Court's directive at the pre-trial conference in this matter to present law regarding interactions between tips and base pay rates in the hospitality industry, the issue of fixed pay rates in the hospitality industry, and to present suggestions for the final jury instructions.

## THE INTERACTION OF TIPS AND BASE PAY

Hospitality workers are entitled to the proper minimum wage and proper overtime rate regardless of the amount of tips they receive. Employers are always liable for the overtime and minimum wage rates even if the workers make ten times over that amount in their tips. See Lanzetta v. Florio's Ente, 763 F. Supp. 2d 615 (SDNY 2011); *Jindan Wu v. Natural Tofu Rest. Corp.*, No. 16 Civ. 3613, 2018 WL 1009274, at *6 (E.D.N.Y. Feb. 20, 2018); *Widjaja v. Kang Yue USA Corp.*, 2015 U.S. Dist. LEXIS 166430 (E.D.N.Y. Dec. 11, 2015); *Hicks v. T.L. Cannon Corp.*, 35 F. Supp. 3d 329, 340–41, 345 (W.D.N.Y. 2014); *Gao v. Perfect Team Corp.*, 2017 U.S. Dist. LEXIS 5028. To hold otherwise would effectively permit employers to forgoe base pay entirely and rely solely on tips to pay their employees in contravention of NY and Federal labor laws. Gratuities do not belong to the employer – they are issued solely to the service staff and belong solely to the service staff.

Defendants may pay a slightly lower minimum wage rate to certain hospitality workers under very limited circumstances provided the employees are <u>actually</u> paid at an hourly rate, <u>actually</u> receive the credited amount in tips and the employer complies with very strict notice requirements. However, absent complying with those requirements, employers cannot claim a tip credit. **See** *12 NYCRR 146 Hospitality Industry Wage Order*.

The relevant portions of the hospitality wage order are as follows:

### § 146-1.3. Tip credits.
An employer may take a credit towards the basic minimum hourly rate if a service employee or food service worker receives enough tips and if the employee has been notified of the tip credit as required in section 146-2.2 of this Part. Such employees shall be considered "tipped employees."

### § 146-1.4. Overtime hourly rates.
An employer shall pay an employee for overtime at a wage rate of 1½ times the employee's regular rate for hours worked in excess of 40 hours in one workweek. When an employer is taking a credit toward the basic minimum hourly rate pursuant to section 146-1.3 of this Subpart, the overtime rate shall be the employee's regular rate of pay before subtracting any tip credit, multiplied by 1½, minus the tip credit. It is a violation of
the overtime requirement for an employer to subtract the tip credit first and then multiply the reduced rate by one and one half.

### § 146-2.5 Hourly rates are required
Employees as defined in Section 146-3.2, other than commissioned salespersons, shall be paid hourly rates of pay. Employers may not pay employees on a daily, weekly, salary, piece rate or other non-hourly rate basis.

**§ 146-3.5. Regular rate of pay.**
(a) The term regular rate shall mean the amount that the employee is regularly paid for each hour of work, before subtracting a tip credit, if any.
**(b) If an employer fails to pay an employee an hourly rate of pay, the employee's regular hourly rate of pay shall be calculated by dividing the employee's total weekly earnings, not including exclusions from the regular rate, by the lesser of 40 hours or the actual number of hours worked by that employee during the work week.**
{emphasis added}

Exclusions from the regular rate are gifts and discretionary bonuses, fringe benefits pay, expense reimbursement, profit-sharing and savings-plan payments, employer contributions to benefit plans, premium pay for hours worked above 8 hours a day or 40 hours a week or above normal daily or weekly standards, premium pay for time and one half (or greater) rates paid for Saturday, Sunday, holiday, day of rest, sixth or seventh day worked, and premium pay for work outside of a contractual daily period not exceeding 8 hours or a contractual weekly period not exceeding 40 hours. The premium pay mentioned above shall be credited towards overtime pay due.

Selections of cases discussing both the requirements of the tip credit itself as well as 'set-off' arguments are set forth below:

**Lanzetta v. Florio's Ente**, 763 F. Supp. 2d 615 (SDNY 2011):

"On the contrary, Ralph was adamant that he paid Lanzetta much more than a tipped minimum wage, claiming that 'she actually got more than the minimum wage ten times over.' (Tr. 62).

Even if defendants had intended to take a tip credit, they would not have been entitled to do so. Both state and federal law impose certain notice requirements on employers that are "strict" prerequisites to taking such credits. Heng Chan v. Sung Yue Tung Corp., No. 03 Civ. 6048 (GEL), 2007 U.S. Dist. LEXIS 7770, 2007 WL 313483, at *17, *18 (S.D.N.Y. Feb. 1, 2007); see Heng Chan v. Triple 8 Palace, Inc., No. 03 Civ. 6048 (GEL), 2006 U.S. Dist. LEXIS 15780, 2006 WL 851749, at *3 (S.D.N.Y. Mar. 30, 2006) (under FLSA, employer must (1) inform tipped employee of tip credit provisions, and (2) permit employee to retain all tips (citing 29 U.S.C. § 203(m)); Padilla v. Manlapaz, 643 F. Supp. 2d 302, 309-10 (E.D.N.Y. 2009) (Labor Law allows tip credit where employer (1) posts notice of minimum wage provisions, and (2) provides tipped employee with statement of allowances 'claimed as part of the minimum wage' (quoting N.Y. Comp. Codes R. & Regs. tit. 12, §§ 137-2.1, -2.2)).

**Widjaja v. Kang Yue USA Corp**., 2015 U.S. Dist. LEXIS 166430 (E.D.N.Y. Dec. 11, 2015):

"The defendants argue that the plaintiffs' damages recovery should be reduced by the value of the tips that the plaintiffs actually received. This argument fails. One of the purposes of the FLSA and NYLL regulatory schemes is to dictate the circumstances under which an employer may count tips as part of wages. **See** *Hicks v. T.L. Cannon Corp.*, 35 F. Supp. 3d

329, 349 (W.D.N.Y. 2014) reconsideration denied, No. 13-CV-06455 EAW, 2014 U.S. Dist. LEXIS 144210, 2014 WL 5088879 (W.D.N.Y. Oct. 8, 2014). Permitting the defendants to reduce the plaintiffs' damages by counting tips as part of wages would 'effectively undermine this regulatory goal.' Id.; see also Heng Chan v. Sung Yue Tung Corp., No. 03 CIV. 6048 (GEL), 2007 U.S. Dist. LEXIS 7770, 2007 WL 313483, at *19 (S.D.N.Y. Feb. 1, 2007), abrogated on other grounds by Barenboim v. Starbucks Corp., 698 F.3d 104 (2d Cir.2012) ('Employers who wish to qualify for this credit must comply strictly with these requirements. If they fail to do so, they must pay the full minimum hourly wage, not the reduced amount permitted when the tip credit is available.'). {cont'd}

'Congress gave employers of tipped employees a simple choice: either allow employees to keep all the tips that they receive, or forgo the tip credit and pay them the full hourly minimum wage.' *Chung v. New Silver Palace Rest., Inc*., 246 F. Supp. 2d 220, 230 (S.D.N.Y. 2002). Here, the defendants made that choice. They retained a portion of the plaintiffs' tips. Thus, the plaintiffs are entitled to the difference between the full minimum wage and the reduced hourly wage they were paid."

**Hicks v. T.L. Cannon Corp**., 35 F. Supp. 3d 329 (W.D.N.Y. 2014):

"By definition, if Defendants took a tip credit to which they were not entitled, they underpaid wages. Defendants' argument assumes that they are always entitled to count tips as part of the wages they paid Plaintiffs, but the case law simply does not support this conclusion. For example, in *Lanzetta*, the plaintiff 'earned significant tip income waiting tables' (up to ten times the minimum wage), yet because defendant did not comply with the regulations, it owed plaintiff the full standard minimum wage. 763 F. Supp. 2d at 623-24; see also Paz v. Piedra, No. 09 Civ. 03977(LAK)(GWG), 2012 U.S. Dist. LEXIS 4034, 2012 WL 121103, at *9 (S.D.N.Y. Jan. 12, 2012) ("Because defendants failed to inform plaintiffs and the class members of their intention to take a tip credit . . . defendants were ineligible to avail themselves of the NYLL's tip credit provisions.") {…}

The purpose of the regulatory scheme is to set forth the conditions pursuant to which an employer may count tips as part of wages. Accepting Defendants' argument would effectively undermine this regulatory goal. The cases previously discussed hold that where an employer fails to follow the regulations, it may not receive credit for tips. In particular, in *Lanzetta*, it was undisputed that the plaintiff "earned significant tip income waiting tables," and the defendant took the position that plaintiff had actually received "more than the minimum wage ten times over." 763 F. Supp.2d at 623. Nevertheless, the *Lanzetta* court held that the plaintiff was entitled to recover the regular minimum wage rate. Id. at 623-24. As such, Defendants are not entitled to a set-off for tips actually received by Ms. Raymond."

**Angamarca v. Pita Grill 7 Inc.**, 2012 U.S. Dist. LEXIS 108322 (S.D.N.Y. Aug. 2, 2012) (discussing tip credit generally):

"{A}n employee who is paid partially through tips may be paid at a rate less than the minimum wage, meaning the minimum wage minus the "tip credit," so long as the

 employer "(1) inform[s] the employee of the 'tip credit' provision of the FLSA, and (2) permit[s] the employee to retain all of the tips the employee receives." Copantitla v. Fiskardo Estiatorio, Inc., 788 F. Supp. 2d 253, 287 (S.D.N.Y. 2011) (quotation omitted) (discussing 29 U.S.C. § 203(m) (federal statute on "tip credit")); see also 12 NYCRR § 146-2.2 (state tip credit effective Jan. 1, 2011); 12 NYCRR § 137-2.2 (state tip credit effective through Dec. 31, 2010). Here, Defendants did not give notice to Plaintiffs that their tips would be included as an offset against the minimum wage. (Compl. ¶¶ 62, 80). Defendants have therefore failed to satisfy their burden of proving that they informed the employees of the tip credit law, a requirement that is "strictly construed." Wicaksono, 2011 U.S. Dist. LEXIS 55771, 2011 WL 2022644, at *4 (citation omitted); see, e.g., Cao, 2010 U.S. Dist. LEXIS 109373, 2010 WL 4159391, at *2 (defendant employer not eligible for "tip credit" absent notice, even for delivery workers who received a significant portion of income from tips); Ke v. Saigon Grill, Inc., 595 F. Supp. 2d 240, 254 (S.D.N.Y. 2008) (defendant employer that failed to give notice to delivery workers not eligible for tip credit)."

 In this matter, Plaintiffs' testimony proves that the Plaintiffs' were paid fixed rates in violation of NYCC 146-3.5 and the employers obeyed not even one of the many strict requirements to create a colorable issue regarding tip credits.  Therefore, Plaintiffs are entitled to all of the minimum wages and overtime payments in their base pay that the Defendants failed to provide regardless of gratuities they received from customers.

## FIXED PAY RATES ARE PROHIBITED IN THE HOSPITALITY INDUSTRY

### § 146-2.5 Hourly rates are required
 Employees as defined in Section 146-3.2, other than commissioned salespersons, shall be paid hourly rates of pay. Employers may not pay employees on a daily, weekly, salary, piece rate or other non-hourly rate basis.

### § 146-3.5. Regular rate of pay.
 (a) The term regular rate shall mean the amount that the employee is regularly paid for each hour of work, before subtracting a tip credit, if any.
 **(b) If an employer fails to pay an employee an hourly rate of pay, the employee's regular hourly rate of pay shall be calculated by dividing the employee's total weekly earnings, not including exclusions from the regular rate, by the lesser of 40 hours or the actual number of hours worked by that employee during the work week.**
{emphasis added}

### PROPOSED ADDITIONS TO JURY INSTRUCTIONS AND VERDICT SHEET AMENDMENTS

Plaintiff proposes that the jury instructions and verdict sheet be amended to include clarification about the following issues:

**Employers' Burden and Presumption in Favor of Employees**

Plaintiffs contend that the jury needs to be clearly instructed that it is the employers' burden to maintain, keep and present records of hours worked. Absent such production, there is a presumption that the employees recollection is sufficient.

"Both the FLSA and the Labor Law require employers to keep detailed records of employee wages, tips, hours, and other employment information. See 29 U.S.C. § 211(c); N.Y. Lab. Law §§ 195(4), 661. 1 These are "substantive obligations that are 'fundamental underpinnings' of [the statutes] and critical to ensuring the[ir] . . . effectiveness, for an employer's '[f]ailure to keep accurate records can obscure a multitude of wage and overtime violations.'" Moon v. Kwon, 248 F. Supp. 2d 201, 218 (S.D.N.Y. 2002) (quoting Wirtz v. Miss. Publrs. Corp., 364 F.2d 603, 607 (5th Cir. 1996)). Accordingly, although an employee suing for lost wages bears "the burden of proving that [s]he performed work for which [s]he was not properly compensated," that burden is lessened when the employer fails to comply with its record-keeping obligations. Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687, 66 S. Ct. 1187, 90 L. Ed. 1515 (1946).

Under the FLSA, the employee may meet her burden by submitting "'sufficient evidence from which violations of the [statute] and the amount of an award may be reasonably inferred.'" Reich v. S. New Eng. Telecomms. Corp., 121 F.3d 58, 66 (2d Cir. 1997) (quoting Martin v. Selker Bros., Inc., 949 F.2d 1286, 1296-97 (3d Cir. 1991)). " [T]he employee should not speculate," Kolesnikow v. Hudson Valley Hosp. Ctr., 622 F. Supp. 2d 98, 118 (S.D.N.Y. 2009), but she may rely solely on her "present memory and recollection" to carry her burden, Candela-Rodriguez v. Milbank Real Estate, No. 09 Civ. 6588 (JSR), 2010 U.S. Dist. LEXIS 98884, 2010 WL 3701309, at *2 (S.D.N.Y. Sept. 20, 2010). The employer then must "come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." 2 Mt. Clemens Pottery, 328 U.S. at 688; see also Yu G. Ke v. Saigon Grill, Inc., 595 F. Supp. 2d 240, 255 (S.D.N.Y. 2008). If the employer fails to do so, the court may enter judgment in the employee's favor, using her recollection to determine damages,  'even though the result be only approximate." Reich, 121 F.3d at 67; see also id. at 70 n.3 (finding no error in damages that "might have been somewhat generous" but were reasonable in light of the evidence and "the difficulty of precisely determining damages when the employer has failed to keep adequate records')." *Lanzetta v. Florio's Enters.*, 763 F. Supp. 2d 615 (S.D.N.Y. 2011).

**Annual and Weekly Notice:**

Plaintiffs noticed that the Court instructed the jury in its pre-charge instructions that there was an obligation to provide notice about wage rates, etc but the undersigned believes that the jury should be instructed that there are two separate notice requirements – an annual notice requirement and a weekly notice requirement under New York Law.

**Good Faith under New York Labor Law:**

In April 9, 2011, the NYLL was amended to provide that employers who violate the NYLL are liable for one hundred percent of wages owed unless they demonstrate good faith. N.Y. Lab. Law § 198(1-a).

This should be an initial question on the verdict sheet.

## TIP WITHHOLDING

The verdict sheet should ask the jurors to decide the amount of tips withheld, if any, by the Defendants as to Valeriya Mukhina in the detailed portion of the Verdict Sheet.

## TOOLS OF TRADE

There should be an entry for each Plaintiffs regarding the amount of unreimbursed money each Plaintiff spent on their tools of the trade in the detailed portion.

## TIP CREDIT

It is the contention of the Plaintiffs that the tip credit portions of the verdict sheet should be eliminated as unmeritorious and potentially confusing to the jury. The undersign would also argue that the jury be instructed that the tip credit instructions pre-charge should be disregarded because there is no argument being made that the Defendants were entitled to the tip credit and the tips should not be considered in evaluating the propriety of the Plaintiffs' respective base pay.

Dated:      New York, New York
            September 6th, 2018

                                        MICHAEL FAILLACE & ASSOCIATES, P.C.

                                By:     /s/ Colin Mulholland, Esq.
                                        Colin Mulholland, Esq.
                                        60 East 42nd Street, Suite 4510
                                        New York, New York 10165
                                        Telephone: (212) 317-1200
                                        Facsimile: (212) 317-1620
                                        *Attorneys for Plaintiffs*