UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
VICENTE CARRASCO FLORES and
VALERIYA MUKHINA,  individually and
on behalf of others similarly situated,                         17 Civ. 06915 (LGS)

                              Plaintiffs,

            -against-

NYC PASTA AND RISOTTO CO. LLC
(d/b/a RADICCHIO PASTA AND RISOTTO
CO.), Satinder Sharma, and Daniel Montoya,

                          Defendants.
--------------------------------------------------------X

**Defendants'' Reply to Request for Extension by Plaintiffs'
on Motion for Judgment  as a Matter of Law Under FRCP 50(a)**

      Rule 50(a) of the Federal Rules of Civil Procedure states:  A motion for judgment as a matter of law may be made <u>at any time</u> before the case is submitted to the jury." Fed. R. Civ. P. 50(a)(2) (emphasis added).  The sole requirement is "[i]f a party has been fully heard on an issue . . . "  Fed. R. Civ. P. 50(a)(1).

      Plaintiffs clearly concede that the testimony of Plaintiffs could not support a jury's verdict because Plaintiffs request an "extension" to reply because "Plaintiffs have yet to call the Defendants as adverse witnesses which will add more material relevant to this application." Doc. #64.  Plaintiffs "request for an extension" is that Plaintiffs want "more material relevant to this application [sic]."  Doc. #64.

      But if Plaintiffs' own testimony is not sufficient to support their claims against the individual defendants, then it should not proceed to a jury.  Rule 50(a)(1) is clear: "[i]f a party has been fully heard on an issue," then the defendants may file a motion for judgment as a matter of law.  Fed. R. Civ. P. 50(a)(1).  Vicente Carrasco Flores and Valeriya Mukhina have been

1

heard:  These individual plaintiffs gave full-throttle testimony, they were cross-examined, and every one of their exhibits was admitted (despite the objections that Exhibit 3 was obvious hearsay under the Federal Rules).  They have been afforded every opportunity to prove their case with evidence including allowing every exhibit they wanted into evidence.  They have been "fully heard." Fed. R. Civ. P. 50(a)(1).  The Federal Rules of Civil Procedure must be interpreted according to their text and plain meaning.  *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 322  (1993).

Plaintiffs' counsel has taken the position in federal court that whether an individual person is an "employer" under federal and state law is a matter of law.  *See* Exhibit #1, attached to Doc. #62, at 5-6.  The Court has the evidence of the allegations in Plaintiff's initial and amended complaint (Doc. #1 & 32), and well as their testimony  as well as the testimony given yesterday on September 5, 2018.  Plaintiffs were fully heard.  To hold that every witness that Plaintiff desires to call would fly in the fact of the fact that Defendants may file this "motion at any time before the case is submitted to the jury." Fed. R. Civ. P. 50(a)(2) (emphasis added).  If the United States Supreme Court believed that any party could have all their witness, no matter how spurious, called without facing such a motion to enter judgment, then it would not have used the words "at any time." *Id.*

The central question is this:  Is the evidence sufficient for a jury to consider whether a 50% owner and a cook, or even chef, in a restaurant are employers under federal and state law?  If not, the individual defendants submit the claims against them should be dismissed. The company admits liability.  Plaintiffs' own testimony shows that the managers hired them, determined and paid the money owed to them, and set their schedule. Plaintiffs elected not to sue the managers including Vanja Bojic, a friend of one of the Plaintiffs (according to Plaintiffs'

Valeriya Mukhina), a witness of which they did not disclose under Rule 26(a) and did not call to testify?  The second question is this:  if the individual defendants were "employers" under federal and state law, did they act willfully?

The Court may now decide these issues as a matter of law.  Individual Defendants respectfully request that the Court does so.  If Plaintiffs wish to put together the evidence that supports a jury decide these issues, then the individuals request that Plaintiffs do so immediately.

/s/ *Brian Lehman*
Brian Lehman
Lehman LG LLC
244 5th Ave., Suite B258
New York, New York 10001
Counsel for Individual Defendants