UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

VICENTE CARRASCO FLORES and
VALERIYA MUKHINA, individually
and on behalf of others similarly situated,

      Plaintiffs,

      -against-

NYC PASTA AND RISOTTO CO. LLC
(d/b/a RADICCHIO PASTA AND
RISOTTO CO.), SATINDER SHARMA and
DANIEL MONTOYA,

      Defendants.

-------------------------------------------------------X

**17 Civ. 06915 (LGS)**

# DEFENDNANT SHARMA'S MEMORANDUM OF LAW
# IN SUPPORT OF HIS MOTION FOR RECONSIDERTION

Brian Lehman
Lehman LG LLC
244 5th Ave., Suite B258
New York, New York 10001
Counsel for Defendant Sharma

I.  **INTRODUCTION**

Pursuant to Local Civil Rule 6.3, Defendant Satinder Sharma respectfully moves for reconsideration of the Court's order from the bench denying his motion for judgment as a matter of law pursuant to Rule 50(a) of the Federal Rules of Civil Procedure ("Federal Rules"). *See* Exhibit 1 (transcript of trial pages 99-101) (September 7, 2018); *see also* Dkt. ## 62, 64, 66.

Two days ago, the Second Circuit Court of Appeals issued its decision in *Tapia et al. v. Blch 3rd Ave. LLC et al.*, No. 17 Civ. 2718 (2d Cir. 2018) (per curium) ("Op.") (attached as Exhibit 2).[1] The court held that Mr. Sharma – the same defendant in this case – was not an "employer," under federal and state labor law.[2] *Id.* at 4-6. The case involved a limited liability company, BLCH 3rd Ave. LLC, doing business as a restaurant under the trade name "Brick Lane Curry House." Just as in this case, Ajit Bains and Mr. Sharma each owned 50% of the LLC and Mr. Sharma regularly visited the restaurant, supervised the staff in cleaning and organizing the restaurant when he visited, and reviewed the payroll records.

The Second Circuit issued two holdings that control here. *First*, based on the materially same evidence as presented in this case, "Sharma is not an employer." Op. at 9. Indeed, in response to plaintiffs' contention that Mr. Sharma should be held personally liable, the Second Circuit held, "This argument is meritless." Op. at 4.

*Second*, the ultimate decision as to whether Sharma is an employer was reviewed *de novo* by the Court. *See* Op. at 6. While the trier of fact makes findings of historical fact and such facts

---

[1] Also available at http://www. ca2.uscourts. gov/decisions/isysquery/6f039900-4b64-4e88-82b1-4ab7550eb6f7/2/doc/17-2718_complete_opn. pdf.

[2] *See* Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and New York Labor Law ("NYLL"), N.Y. Lab. Law § 190 *et seq.*

are reviewed for "clear error," courts review *de novo* the "ultimate decision as to whether a party is an employer." Op. at 6 (quoting *Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 76 (2d Cir. 2003).

*Tapia* constitutes an intervening appellate decision that changes or clarifies controlling law. It also highlights a clear error of law in the court's decision denying Mr. Sharma's motion as the Court applied a deferential standard review, rather than *de novo*, on the legal question of whether Mr. Sharma was an employer. *Tapia* thus warrants reconsideration of Mr. Sharma's Rule 50(a) motion. Mr. Sharma respectfully submits that the Court enter an order reconsidering its prior decision and, just as the Second Circuit held in *Tapia*, hold that Mr. Sharma is not an employer under the FLSA or NYLL.

## II.   STANDARD OF REVIEW

Courts grant motions for reconsideration where (1) the moving party can show an intervening change in the controlling law; (2) upon discovery of new evidence not previously available; or (3) on a showing of the need to correct a clear error of law or prevent manifest injustice. *In re Beacon Associates Litig.,* 818 F. Supp. 2d 697, 701-02 (S.D.N.Y. 2011) (granting motion for reconsideration); *see also Catskill Dev., L.L.C. v. Park Place Entm't Corp.,* 154 F. Supp. 2d 696, 701 (S.D.N.Y. 2001); *Stevens v. City of New York*, 2012 U. S. Dist. LEXIS 165936, at *4 (S.D.N.Y. Nov. 14, 2012) (quoting *Virgin Atl. Airways, Ltd. v. National Mediation Bd.,* 956 F.2d. 1245, 1255 (2d Cir. 1992)).

"Whether to grant a motion for reconsideration is within the discretion of the district court." *New Jersey Carpenters Health Fund v. DLJ Mortg. Capital, Inc.,* 2013 WL 357615, at *4 (S.D.N.Y. Jan 23, 2013). District courts routinely grant reconsideration where, as here,

intervening appellate decisions change or clarify controlling law.[3] *See In re Audible, Inc. Sec. Litig.,* 2007 WL 4546823, at *2 n. 5 (D.N.J. Dec. 19, 2007) (reconsideration proper in light of "a change in, or at least a clarification of, controlling law"); *United States v. Plugh*, 648 F.3d 118, 123-24 (2d Cir. 2011) ("an intervening change of controlling law" can justify reconsideration). Reconsideration should also be granted where necessary to correct for "clear error" or to "prevent manifest injustice." *Munafo v. Metro. Transp. Auth.,* 381 F.3d 99, 105 (2d Cir. 2004).

The movant must present matters that might be reasonably expected to "'alter the result before the court.'" *Cioce v. County of Westchester*, 128 Fed. Appx. 181, 185 (2d Cir. 2005) (quoting *In re BDC 56 LLC*, 330 F. 3d 111, 123 (2d Cir. 2003)); *O'Connor v. Pan Am Corp.*, 5 Fed. Appx. 48, 52 (2d Cir. 2001) (citing *Shrader v. CSX Transp., Inc.,* 70 F. 3d 255, 257 (2d Cir. 1995)).

## III.   IN *TAPIA*, THE SECOND CIRCUIT HELD MR. SHARMA IS NOT AN EMPLOYER

The Second Circuit's decision in *Tapia* involved the materially same evidence as this case. As the Second Circuit recognized: Mr. Sharma was a 50% owner of the LLC (along with Ajit Bains). Mr. Sharma regularly visited the restaurant, tasted the food, and supervised the staff in cleaning and organizing the restaurant. Mr. Sharma also reviewed the payroll records each week. *See* Op. at 6-8; *Tapia et al. v. Blch 3rd Ave. LLC et al.*, No. 14 Civ. 8529, 2016 WL 4581341, at *4 (S.D.N.Y. Sept. 1, 2016) (findings of fact). This evidence was not sufficient to impose personal liability on Mr. Sharma as an "employer" under the FLSA or NYLL.

---

[3] "Controlling authority means decisions of the Second Circuit Court of Appeals or the U. S. Supreme Court. " *Ivan Visin Shipping, Ltd. v. Onego Shipping & Chartering B. V.,* 543 F. Supp. 2d 338, 339 (S.D.N.Y. 2008) (citation omitted).

*Tapia* makes it clear that an ownership interest coupled with a role in supervising employees and the review of payroll documents is not sufficient to sustain individual FLSA liability.[4] As the Court explained:

- Mr. Sharma did not hire the plaintiffs;
- Mr. Sharma did not discipline the plaintiffs;
- Mr. Sharma testified that the general manager, Vivek Deora, was the one responsible for hiring the floor manager;
- Mr. Sharma did not control the work schedules or other personnel decisions
- Mr. Sharma was not aware of plaintiffs' hours or other conditions of employment;
- Mr. Sharma testified that the general manager, Vivek Deora, was the one who managed overall operations in that restaurant;
- Mr. Sharma did not determine employees' rates or methods of payment; and
- Mr. Sharma did not maintain the records.

*Id.*; *see also Tapia v. Blch 3rd Ave. LLC*, No. 14 Civ. 8529, 2016 WL 4581341 (S.D.N.Y. Sept. 1, 2016).

In all material respects, Plaintiffs presented the same evidence to the jury in this case as in *Tapia*. The result should be the same. The key question in determining when an individual is an employer under the FLSA is whether the defendant possessed control over a company's ***actual*** operations in a manner that relates to a plaintiff's employment. *See* Op. at 5 (quoting *Irizarry v. Catsimatidis*, 722 F.3d 99, 104 (2d Cir. 2013)). Answering this question, the Second Circuit held that the evidence above was not sufficient to find that Mr. Sharma was an employer under federal and state law. In fact, only one of the four factors identified in *Carter v. Dutchess*

---

[4] *See also Salinas v. Starjem Restaurant Corp.*, 123 F. Supp. 3d 442, 450-51, 464 (S.D.N.Y. 2015) (holding the CEO and majority shareholder of a restaurant was not a FLSA "employer" of the restaurant's staff even though she was in the restaurant <u>daily</u> acting as a hostess and would instruct the staff as part of that role); *see also Juarez v. Precision Apparel, Inc.*, No. 12 Civ. 2349, 2013 WL 5210142, at *7 (E.D.N.Y. Sept. 13, 2013) (adopting report and recommendation) (employee supervisor with an ownership interest in the business was not a FLSA employer).

*Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984), was partially satisfied. Reviewing application of the *Carter* factors *de novo*, this evidence was insufficient to find that Mr. Sharma was an employer. Indeed, the Second Circuit held: "This argument is meritless." Op. at 4.

This conclusion follows from the plain language of the statute.[5] The FLSA defines "employ" to mean "to suffer or permit to work," 29 U.S.C. § 203(g). For example, an individual, such as an owner, who does not hire a person has not "permitted" that person to work. *See id.* Likewise, an individual who does not control the work schedule or determine the rate of pay does not "suffer" that person's employment. *See id.* Put simply, Mr. Sharma did not permit or suffer plaintiffs to work in this case.

Finally, it should be noted there was at least one individual who worked at the restaurant at issue in this case (Radicchio Pasta And Risotto) who had <u>actual</u> operational control over Plaintiffs' work: Vanja Bojic, Plaintiff's manager. Courts commonly draw a distinction between owners who supervise and visit stores and the managers of stores who exercise actual operational control and hold that only the later are liable. *See, e.g., Marcelino v. 374 Food, Inc. d/b/a Tribeca Bagels*, No. 16 Civ. 6287, 2018 WL 1517205, at *1-20 (S.D.N.Y. Mar. 27, 2018); *see also Tapia et al. v. Blch 3rd Ave. LLC et al.*, No. 14 Civ. 8529, 2016 WL 4581341 (S.D.N.Y. Sept. 1, 2016).

Indeed, on May 15, 2018, Plaintiffs' counsel asked for consent to submit a Second Amended Complaint naming Vanja Bojic as a defendant. Plaintiffs' counsel made this request

---

[5] Neither the New York Court of Appeals nor the Second Circuit has decided whether "the tests for 'employer' status are the same under the FLSA and the NYLL." *Irizarry*, 722 F.3d at 117; Op. at 4 n.1. However, "district courts in this Circuit have consistently interpreted the definition of 'employer' under the New York Labor Law coextensively with the definition used by the FLSA." *Ho v. Sim Enters. Inc.*, No. 11 Civ. 2855, 2014 WL 1998237, at *10 (S.D.N.Y. May 14, 2014) (citing *Moon v. Kwon*, 248 F. Supp. 2d 201, 236 n.17 (S.D.N.Y. 2002)). Mr. Sharma reserves the right on appeal to move for certification to the Court of Appeals so that the state's highest court may decide if the scope of "employer" liability is the same under state law.

less than two hours after the deposition of Defendant Daniel Montoya on May 15th wherein Mr. Montoya named Vanja Bojic as the manager in charge of the restaurant. *See* Exhibit 3 at 10. Defense counsel consented to adding Vanja Bojic and, the next day, Plaintiffs' counsel submitted the Second Amended Complaint to the Defense counsel. *See* Exhibit 4. Inexplicably, however, Plaintiffs' counsel never filed the Second Amended Complaint even though under Rule 15(a)(2) of the Federal Rules, Plaintiffs were free to file at any time as they had Defendants' consent. *See* Fed. R. Civ. P. 15(a)(2).

While dismissing Mr. Sharma would leave Plaintiffs without an individual defendant liable for the labor law violations, this is true because Plaintiffs elected not to sue the manager – even though they were clearly aware of Vanja Bojic's role at the restaurant.[6] Equity should not play a role in determining the scope of employer liability – but if it does, equity weighs against Plaintiffs who elected not to sue the restaurant's manager even though this person (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, (4) was responsible for maintaining employment records.

## IV.   CONCLUSION

Just as in *Tapia*, the evidence only supports finding that one of the *Carter* factors is satisfied on the ground that Mr. Sharma reviewed the payroll records. Mr. Sharma did not hire and fire the employees; he did not supervise and control employee work schedules or conditions of employment; he did not determine the rate and method of payment.  The other evidence – *i.e.*, Mr. Sharma owned 50% of the LLC and regularly visited the restaurant, supervised the staff in cleaning and organizing the restaurant –does not satisfy the *Carter* factors.

---

[6] The company continues to concede that it is liable for the malfeasance of Vanja Jojic and other managers and, thus, the sole issue with respect to the company is calculating the damages.

The ultimate decision as to whether a party is an employer under the FLSA is a legal conclusion. Reviewing the *Carter* factors *de novo*, Mr. Sharma respectfully submits that this Court find that he is not an employer as the term is defined under the federal and state labor law just as the Second Circuit found in *Tapia*.

Date: October 4, 2018

Respectfully submitted,
/s/ *Brian Lehman*
Brian Lehman
Lehman LG LLC
244 5th Ave., Suite B258
New York, New York 10001
brian@lehmanlawgroup.com
724-453-4626
Counsel for Defendants

CM/ECF: All Counsel of Record