# Exhibit 1

```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   VICENTE CARRASCO FLORES, et
     al.,
 4
                   Plaintiffs,
 5
            v.                            17 CV 6915 (LGS)
 6
     NYC PASTA AND RISOTTO CO. LCC,
 7   et al.,

 8                 Defendants.

 9   ------------------------------x
                                          New York, N.Y.
10                                        September 7, 2018
                                          9:15 a.m.
11
     Before:
12
                     HON. LORNA G. SCHOFIELD,
13
                                          District Judge
14
                         APPEARANCES
15
     MICHAEL FAILLACE & ASSOCIATES PC
16       Attorneys for Plaintiffs
     BY:  COLIN J. MULHOLLAND
17        SARA ISAACSON

18   LEHMAN LAW GROUP LLC
         Attorneys for Defendants
19   BY:  BRIAN E. LEHMAN
          JULIE R. SOLARZ
20

21   ALSO PRESENT:

22   Marcia Gotler, Spanish Interpreter
     Jan Calloway, Spanish Interpreter
23

24

25
```

1    the meaning of the labor law.  So that means only one issue

2    remains to decide whether the individual defendants were

3    plaintiffs' employers and you will have to answer that question

4    as to each of the employers of the plaintiff.

5              MR. LEHMAN:  Agreed, your Honor.  One minor point?

6              THE COURT:  Yes.

7              MR. LEHMAN:  To my ears each ease we are, you say they

8    assert that sounds like an affirmative defense, so I would

9    suggest maintain but if not --

10             THE COURT:  If you're happy with "maintain", that's

11   fine.

12             MR. LEHMAN:  There's no way they are not going to pick

13   that up.

14             THE COURT:  Is that OK?

15             MR. MULHOLLAND:  Yes, judge.

16             THE COURT:  So that's what I'm going to tell them.  So

17   the housekeeping issues are first that then I'll deal with the

18   two notes and then we'll continue with our witnesses.

19             Off the record.

20             (Discussion held)

21             THE COURT:  Back on the record.

22             Since we're waiting I will give you a partial ruling

23   on the Rule 50 motion and I will deny it in part and reserve it

24   in part as follows:

25                As you know under Rule 50 the standard is whether a

1    reasonable jury would have a legally sufficient evidentiary

2    basis to find for the party on that issue and if that

3    evidentiary basis is insufficient the Court may resolve the

4    issue against the party.

5         So you have asked me, Mr. Lehman, for defendants to

6    resolve the issue of whether the individual defendants were

7    employers of the individual plaintiffs and you've essentially

8    alleged that the evidence was insufficient so that no

9    reasonable jury could find that.  So my partial ruling is as

10   follows:

11        First, as to defendant Sharma, the evidence even as it

12   has proceeded thus far as sufficient for a reasonable jury to

13   conclude that he was plaintiff Mukhina's employer.  First, the

14   evidence showed that he's a 50 percent owner of the business.

15   When problems with payments occurred Ms. Mukhina's co-workers

16   directed her to Mr. Sharma.  Mr. Sharma communicated by text

17   message about delays in payroll payments.  Ms. Mukhina was

18   provided with blank checks to be used for her payroll signed by

19   Mr. Sharma.  She testified that Mr. Sharma personally

20   instructed her how to fill them out and when to deposit them.

21   And we saw physically had evidence that some payroll checks

22   were signed by Mr. Sharma.

23        As you know I have to construe the evidence and make

24   inferences.  Contrary to the nonparties I am going to assume

25   for this purpose that all of that evidence is believed by the

1    jury and all inferences drawn in favor of plaintiff and

2    therefore, deny the motion as to defendant Sharma and plaintiff

3    Mukhina.

4          Second, with regard to defendant Sharma, again,

5    evidence I find was sufficient for a reasonable jury to

6    conclude that he was plaintiff Carrasco's employer.  The

7    evidence, of course, is much thinner there but although, there

8    was no evidence offered to support the inference directly as to

9    Mr. Carrasco, drawing all inferences in his favor as to the

10   nonmoving party a reasonable jury could infer from the evidence

11   presented through Ms. Mukhina that Mr. Sharma was significantly

12   involved generally in employee payroll issues.

13         So I deny the motion as to Mr. Sharma and

14   Mr. Carrasco.

15         Finally, I deny the motion as to defendant Montoya and

16   plaintiff Carrasco.  The evidence was sufficient for a

17   reasonable jury to conclude that defendant Montoya was

18   plaintiff Carrasco's employer.  The evidence showed that

19   Mr. Montoya gave Mr. Carrasco his schedule, that Mr. Montoya

20   gave Mr. Carrasco orders and assignments everyday, that

21   Mr. Montoya and that those included that Mr. Carrasco's shift

22   was finished after he cleaned the stoves and the floor and that

23   Mr. Montoya sometimes castigated or disciplined Mr. Carrasco.

24         Again, drawing all inferences in favor of the

25   nonmoving party, Mr. Carrasco therefore, assuming that all that