**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
VICENTE CARRASCO FLORES and
VALERIYA MUKHINA,, *individually and on*
*behalf of others similarly situated*,
                        *Plaintiffs*,

       -against-

NYC PASTA AND RISOTTO CO. LLC
(d/b/a RADICCHIO PASTA AND RISOTTO
CO.), SATINDER SHARMA and DANIEL
MONTOYA

                       *Defendants.*
-------------------------------------------------------X

Index No. **17-CV-06915 (LGS)**

# PLAINTIFFS' POST-TRIAL MEMORANDUM OF LAW

                    MICHAEL FAILLACE & ASSOCIATES, P.C.
                    Colin Mulholland, Esq.
                    60 East 42nd Street, Suite 4510
                    New York, New York 10165
                    (212) 317-1200
                    *Attorneys for Plaintiffs*

**Table of Contents**

**PRELIMINARY STATEMENT** ...............................................................................................1
**STIPULATED FACTUAL FINDINGS** ..................................................................................1
   A.  Plaintiff Valeriya Mukhina...............................................................................................1
   B.  Plaintiff Vincente Carrasco .............................................................................................2
   C.  Defendant NYC PASTA AND RISOTTO CO. LLC .....................................................2
   D.  Jury Verdict .....................................................................................................................2
**DAMAGES** ................................................................................................................................3
   A.  Mechanics of the Plaintiffs' Damage Chart ....................................................................3
   B.  Legal Basis for Damage Calculations .............................................................................5
   C.  Statute of Limitations ......................................................................................................5
   D.  Overtime and Minimum Wages ......................................................................................5
   E.  Spread of Hours...............................................................................................................7
   F.  Liquidated Damages........................................................................................................8
   G.  Prejudgment Interest on Wages.......................................................................................9
   H.  Wage Notice and Wage Statement Violations .............................................................10
   I.  Tools of the Trade ........................................................................................................10
   J.  Tip Withholding (Mukhina Only)……………………………………………………...11
   K.  New York Labor Law 198(4)……………………………………………………...…11
**CONCLUSION** ........................................................................................................................11

# Table of Authorities

*Angamarca v. Pita Grill 7 Inc.*, 2012 U.S. Dist. LEXIS 108322, *16-17, 2012 WL 3578781 (S.D.N.Y. Aug. 2, 2012)……………………………………………………………………………..7

*Barfield v. New York City Health and Hospitals Corp.,* 537 F.3d 132, 150 (2d Cir. 2008)……………………………………………………………………………………………....8

*Epstein v. Kalvin-Miller Int'l, Inc.*, 139 F. Supp. 2d 469, 485-86 (S.D.N.Y. 2001)………..…….9

*Godlewska v. Human Dev. Assoc., Inc.*, 2006 U.S. Dist. LEXIS 30519 (E.D.N.Y. May 18, 2006)……………………………………………………………………………….………...5

*Hart v. Rick's Cabaret*, 2013 U.S. Dist. LEXIS 129130, *88-89, 2013 WL 4822199 (S.D.N.Y. Sept. 10, 2013)…………………………………………………………………………………….8

*Maldonado v. Bistro 1285 Inc.*, Index No. 11-cv-4924 (GBD), 2013 U.S. Dist. LEXIS 70815, *10 n. 9 (S.D.N.Y. May 13, 2013)……………………………………………………….………11

*McLean. Garage Mgmt. Corp.*, 2012 U.S. Dist. LEXIS 55425 (S.D.N.Y.  April 19, 2012)…..…9

*Pinovi v. FDD Enters.*, 13-cv-2800 (GBD), 2015 U.S. Dist. LEXIS 89154, *15 (S.D.N.Y. July 8, 2015)……………………………………………………………………………………………....8

*Solis v. Cindy's Total Care, Inc*., 2012 U.S. Dist. LEXIS 1808, *74, 2012 WL 28141 (S.D.N.Y. Jan. 5, 2012)…………………………………………………………………………………......8

**Statutes**
29 U.S.C. § 207(2)(C)……………………………………………………………………………..6
29 U.S.C. § 207(a)(1)………………………………………………………………………………6
29 U.S.C.  § 206(a)………………………………………………………………………………10
N.Y. Lab. Law § 146-1.6……………………………………………………………………..….7
N.Y. Lab. Law §§ 193…………………………………………………………………….………10
N.Y. Lab. Law §§ 195(1)………………………………………………………………………...10
N.Y. Lab. Law Section 195(3)……………………………………………………………………10
N.Y. Lab. Law §§ 198(4)…………………………………………………………………………11
N.Y. Lab. Law §§ 198-b………………………………………………………………….…...…10
N.Y. Lab. Law § 198(1-a)…………………………………………………………………………8
N.Y. Lab. Law § 652……………………………………………………………………….……..6

    N.Y. Lab. Law §§ 663(3)……………………………………………….……………5

Rules:
N.Y. C.P.L.R. § 5001…………………………………………………………….……..9
29 C.F.R. § 531.35…………………………………………………………………...……..10
29 C.F.R. § 778.107……………………………………………………………….6
12 N.Y.C.R.R. § 146-1.4…………………………………………………………….6
12 N.Y.C.R.R. § 146-1.4…………………………………………………………….6
12 NYCRR §146-3.5……………………………………………………………….6
12 NYCRR §146-2.5……………………………………………………………...……6

Plaintiffs Vincente Carrasco Flores and Valeriya Mukhina, by their attorneys Michael Faillace & Associates, P.C., submit this post-trial memorandum of law.

## PRELIMINARY STATEMENT

The fundamental issue to be decided after the trial in this action is the manner in which to compute the damages for the Plaintiffs in light of the facts stipulated to at trial by the parties.

Plaintiffs should have judgment against Defendants (except Defendant Montoya who was found not to be an employer by the jury), as discussed below.

## STIPULATED FACTUAL FINDINGS

The parties stipulated to the following facts at trial reflected in the signed stipulation in a Court Exhibit.

**PLAINTIFF VALERIYA MUKHINA:**

1. Plaintiff Mukhina worked for the restaurant at issue in this lawsuit – the so-called 'Radicchio Pasta and Risotto'- from July 15th, 2011 to August 15 2015

2. Plaintiff Mukhina worked an average of thirty-nine (39) hours a week

3. Plaintiff Mukhina was paid a fix rate of $25 per shift. She worked an average of one (1x) double shift a week. Thus, she was paid $150 a week on average apart from her tips.

4. Plaintiff Mukhina worked an average of one (1x) shift per week over 10 hours (the double shift) warranting spread of hour pay throughout her employ.

5. Plaintiff Mukhina was not paid for Ten Thousand Dollars ($10,000.00) worth of tips that she was entitled to receive.

6. Plaintiff Mukhina was never issued any weekly wage statements nor annual wage notices during her employ.

**PLAINTIFF VINCENTE CARRASCO FLORES:**

7. Plaintiff Carrasco worked for the restaurant at issue in this lawsuit – the so-called 'Radicchio Pasta and Risotto'- from November 25th, 2013 to August 15th, 2015.

8. Plaintiff Carrasco worked an average of seventy-six and a half (76.5) hours a week.

9. Plaintiff Carrasco was paid a fixed weekly salary of $350 apart from tips for the entirety of his employ except for the final fifteen (15) days in August when he was paid a fixed weekly salary of $450 apart from tips.

10. Plaintiff Carrasco worked six (6x) shifts of over ten (10) hours in a single day during every week throughout his entire employ that warranted spread of hour pay.

11. Plaintiff Carrasco was never issued any weekly wage statements nor annual wage notices during his employ.

**DEFENDANT NYC PASTA AND RISOTTO CO. LLC**

12. Defendant NYC Pasta and Risotto CO. LLC concedes that it was an employer of each Plaintiff under both the FLSA and New York Labor Laws.

13. Plaintiff Carrasco is owed $3,090 in tools of the trade.

14. Plaintiff Mukhina is owed $215.00 in tools of the trade.

### JURY VERDICT

The jury returned a verdict finding that Satinder Sharma was indeed liable as an individual employer to each Plaintiff in this matter while Defendant Montoya was not. Plaintiffs use the term 'Defendants' herein with the understanding that Defendant Montoya is not to be included in any future judgment.

**DAMAGES**

Based on the facts stipulated at trial and described above, Plaintiffs submit that the Court should make the following conclusions of law and damages awards.

    A.  MECHANICS OF THE PLAINTIFFS' DAMAGE CHART

Annexed as **Exhibit A** is a chart setting out the damages each Plaintiff is entitled to recover.

In the damages chart, the Plaintiffs' wage and hour damages (including overtime wage damages, spread of hours wage damages, liquidated damages, and interest) are calculated in segments of time, broken into "Pay Periods." Each pay period calculates the number of weeks in each period ("No. of Weeks in Pay Period"), and then based upon each of the stipulated facts, lists the number of hours worked per week in each period ("Hours Per Week in Period).

The columns for 'Minimum Wage Rate' and 'Overtime Rate' reflect the prevailing minimum wage and overtime rates in effect during each Pay Period.

The columns 'Regular Rate of Pay' and 'Hourly Overtime Rate of Pay' reflect the "regular rate of pay" for each period by dividing the amount actually paid each week to each Plaintiff (the "Credited Weekly Pay") for each period, then dividing that amount by the "Hours Per Week in Period"). The overtime rate is calculated using a 1.5 multiplier for regular rate of pay derived from the calculation.

The "Credited Weekly Pay" is the amount of money actually paid to each Plaintiff and is based upon the fixed rate that parties stipulated was paid to each Plaintiff.

The column 'Lawful Weekly Pay' reflects the amount of money that the Plaintiff should have been paid if the defendants had paid the plaintiffs at an hourly rate of pay. The formula in this column applies the greater of "the fixed salary rate divided by 40" or the prevailing minimum wage rate in place at the time to determine the applicable regular rate of pay. That derived regular

3

rate of pay is then multiplied by the amount of hours worked in the week, including overtime hours, to arrive at the amount of money the plaintiffs should have been paid. The attached Excel spreads includes the formula for review. The actual formula used in this column is as follows: ((greater of minimum wage or calculated base pay) * Hours Per Week up to 40) + ((greater time and a half rate) * (Hours Per Week over forty, if any)).

The chart therefore automatically determines whether the effective calculated base rate of pay falls below the minimum wage, and if it does, it discards it. If it does not, it uses it for the subsequent calculations (as the Plaintiff is entitled to earn at least the minimum wage). The chart then automatically calculates what the hours should have been compensated at under the regular rate of pay up to the first 40 hours of work per week, and then at time-and-a-half pay for any hours over 40.

The Chart then subtracts the amount actually paid to Plaintiff (the "Credited Weekly Pay") and then derives the "Underpayment per Week." This number is then multiplied by the number of weeks in each period and derives the total damages due for unpaid minimum wages and overtime for each period ("Unpaid Wages & OT"). The Chart then applies the liquidated damages provisions of the NYLL to the "Unpaid Wages and OT" automatically in the "Liq. Damages on Wages & OT" by 25% for damages occurring prior to April 9, 2011 and 100% for any subsequent damages.

The unpaid spread of hours pay ("Unpaid Spread of Hours (SOH) Pay") is derived by multiplying (the number of SOH days per week) * (the number of weeks per period) * (the minimum wage). The liquidated damages on SOH pay are all calculated at the rate of 100%.

Pre-judgment interest is calculated at 9% per annum from the mid point of each pay period.

The 'Wage Notice' column reflects the full $5,000.00 statutory damages for each Plaintiff. The 'Wage Statement' column also reflects the full $5,000.00 statutory damages for each Plaintiff.

The 'Tools of the Trade' column reflects the amounts stipulated to at trial between the parties.

The 'Tip Withholding' column reflects the stipulated sum of $10,000.00 of withheld tips for Plaintiff Mukhina.

The legal basis for the damages calculations within the chart are set out below.

### B. LEGAL BASIS FOR DAMAGE CALCULATIONS

### STATUTE OF LIMITATIONS

Under the New York Labor Law and regulations, the limitations period is six years, regardless of willfulness.  N.Y. Labor Law § 663(3).  Causes of action under the New York Labor Law accrue in the same manner as do causes of action under the FLSA.  **See** Godlewska v. Human Dev. Assoc., Inc., 2006 U.S. Dist. LEXIS 30519 at *12 (E.D.N.Y. May 18, 2006).  Therefore, back pay under the New York Labor Law should be calculated from the start of Plaintiff's employment, which was less than six years from the filing date.

Here, Plaintiff Carrasco began his employ on November 25th, 2013 and ended in August 15th, 2015 so his entire term of employ is included by the NYLL.  Plaintiff Mukhina began work in July 15th, 2011, however, her claim only begins to accrue on September 14th, 2011.  **See** *Exhibit A*.

### OVERTIME AND MINIMUM WAGE CLAIMS

The Defendants did not pay Plaintiffs proper overtime wages or minimum wages throughout their employment.

Under both federal and New York state law, an employee must be paid a minimum wage. 29 U.S.C. §206; N.Y. Lab. Law §652.

From 2011 to 2013, the minimum wage under New York law was the same as under the FLSA - $7.25. The New York Minimum wage range increased to $8.00 per hour as of December 31, 2013; it further increased to $8.75 per hour as of December 31, 2014; it further increased to $9.00 per hour as of December 31, 2015; it further increased to $11.00 per hour on December 31, 2016 (in New York City); and it further increased to $13.00 per hour on December 31, 2017 (in New York City). New York's rules on overtime explicitly incorporate those of the FLSA, and thus require pay at one-and-one-half times the regular normal rate for each hour over forty hours worked in a week. 12 N.Y.C.R.R. § 142-2.2.

Under both the FLSA and NYLL, an employee must be paid at the rate of one and one-half times the employee's regular hourly rate for each hour the employee works in excess of 40 hours in a given workweek. 29 U.S.C. § 207(2)(C); 12 N.Y.C.R.R. § 146-1.4. Overtime pay under the FLSA and NYLL is calculated by applying a multiplier of one and one half to an employee's "regular rate" of pay. 29 U.S.C. § 207(a)(1); 29 C.F.R. § 778.107; 12 N.Y.C.R.R. § 146-1.4.

The New York Hospitality Wage Order forbids paying hospitality employees a fixed rate of pay. **12 NYCRR 146-2.5** *Hourly Rates Required*.

Further, under the New York Hospitality Industry Wage Order, an employee who is not paid on an hourly basis' regular rate is determined by "dividing the employee's total weekly earnings, not including exclusions from the regular rate, by the lesser of 40 hours or the actual number of hours worked by that employee during the work week." 12 NYCRR §146-3.5 (2013).

**§ 146-3.5. Regular rate of pay.**
    (a) The term regular rate shall mean the amount that the employee is regularly paid for each hour of work, before subtracting a tip credit, if any.

6

**(b) If an employer fails to pay an employee an hourly rate of pay, the employee's regular hourly rate of pay shall be calculated by dividing the employee's total weekly earnings, not including exclusions from the regular rate, by the lesser of 40 hours or the actual number of hours worked by that employee during the work week.** {emphasis added}

This 'divide by 40' calculation is reflected in the Lawful Weekly Pay formula in Exhibit A as explained above.

Plaintiff Carrasco is entitled to $41,678.44 in damages on his unpaid minimum wages and overtime and an additional $4, 288.50 in damages on his spread of hours pay. Plaintiff Mukhina is entitled to $20,740.50 in damages on her unpaid minimum wages and an additional $24 in damages on her spread of hours pay.

## SPREAD OF HOURS

Plaintiffs are also entitled to "spread-of-hours" pay under the New York spread-of-hours regulation, which requires employers to pay workers for an additional at the minimum hourly rate for an hour of pay beyond their regular pay when the workday is more than ten (10) hours. 12 N.Y.C.R.R. § 146-1.6; Angamarca v. Pita Grill 7 Inc., 2012 U.S. Dist. LEXIS 108322, *16-17, 2012 WL 3578781 (S.D.N.Y. Aug. 2, 2012). Section 146-1.6 of the New York Official Compilation of Codes, Rules and Regulations provides in relevant part that "(a) On each day on which the spread of hours exceeds 10, an employee shall receive one additional hour of pay at the basic minimum hourly rate. . . . (d) This section shall apply to all employees in restaurants . . . regardless of a given employee's regular rate of pay."

Here, the parties stipulated to the amount of spread of hours shifts worked within a week and those values are reflected in the damage chart attached as Exhibit A. Plaintiff Carrasco is entitled to $4,288.50 in unpaid spread of hours pay. Plaintiff Mukhina is entitled to $24.00 in unpaid spread of hours pay.

## LIQUIDATED DAMAGES

Under the NYLL, as under the FLSA, an employee is entitled to recover liquidated damages unless the employer can establish a good faith basis for having failed to pay the required wages. N.Y. Lab. Law § 198(1-a); *Hart v. Rick's Cabaret*, 2013 U.S. Dist. LEXIS 129130, *88-89, 2013 WL 4822199 (S.D.N.Y. Sept. 10, 2013).

The New York Labor Law was amended effective April 9, 2011 to provide for liquidated damages "equal to one hundred percent of the total of such underpayments found to be due." N.Y. Lab. Law §663(1); *see also Pinovi v. FDD Enters.*, 13-cv-2800 (GBD), 2015 U.S. Dist. LEXIS 89154, *15 (S.D.N.Y. July 8, 2015).

Under the FLSA, once liability is established the employee is entitled to recover all unpaid minimum and overtime wages, as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). The employer may escape liability for liquidated damages, if it can demonstrate that "it acted in subjective 'good faith' with objectively 'reasonable grounds' for believing that its acts or omissions did not violate the FLSA." *Barfield v. New York City Health and Hospitals Corp.*, 537 F.3d 132, 150 (2d Cir. 2008). The employer must make establish its subject good faith and objective reasonableness by "plain and substantial evidence." *Solis v. Cindy's Total Care, Inc.*, 2012 U.S. Dist. LEXIS 1808, *74, 2012 WL 28141 (S.D.N.Y. Jan. 5, 2012) (quoting *Moon v. Kwon*, 248 F.Supp.2d 201, 234 (S.D.N.Y. 2002). "The employer bears the burden of proving good faith and reasonableness, but the burden is a difficult one, with double damages being the norm and single damages the exception." *McLean*, 2012 U.S. Dist. LEXIS 55425, *13 (quoting *Herman*, 172 F.3d at 142).

Here, Defendants have not proven good faith and had waived it at trial. Trial Tr. 90:22-25.

Plaintiff Carrasco is entitled to $41,678.44 in liquidated damages on his unpaid minimum wages and overtime and an additional $4,288.50 in liquidated damages on his spread of hours pay. Plaintiff Mukhina is entitled to $20,740.50 in liquidated damages on her unpaid minimum wages and an additional $24 in liquidated damages on her spread of hours pay.

## PREJUDGMENT INTEREST ON WAGES

Under New York law, the Court may award prejudgment interest pursuant to N.Y. C.P.L.R. § 5001 on an award of back pay. *See McLean*, 2012 U.S. Dist. LEXIS 55425 at *27 ("courts typically award prejudgment interest on damages for NYLL violations"); *Epstein v. Kalvin-Miller Int'l, Inc.*, 139 F. Supp. 2d 469, 485-86 (S.D.N.Y. 2001). In addition, under New York law, prejudgment interest can be awarded in addition to liquidated damages. *Reilly v. NatWest Mkts. Group Inc.*, 181 F.3d 253, 265 (2d Cir. 1999).

The New York prejudgment interest rate applies. *McLean*, 2012 U.S. Dist. LEXIS 55425 at *28. Under N.Y. C.P.L.R. § 5004, prejudgment interest runs at the rate of nine percent (9%) per annum simple interest. *Id.* As to the date from which interest is to be calculated, the statute states that "[w]here . . . damages were incurred at various times, interest [may] be computed . . . upon all of the damages from a single reasonable intermediate date." N.Y. C.P.L.R. § 5001(b). When claims that are reduced to judgment have arisen on different dates, the Court may compute prejudgment interest from an appropriate single median date. *See McLean*, 2012 U.S. Dist. LEXIS 55425 at *28 ("prejudgment interest on the plaintiffs' NYLL unpaid overtime wage damages shall be computed at a rate of nine (9) percent per annum from a single reasonable intermediate date"). Thus, prejudgment interest on Plaintiffs' back pay (both unpaid OT and spread of hours) awards should be computed from the median of each relevant period to the date of judgment.

This formula is reflected in the attached damage chart.  Plaintiff Carrasco is entitled to $15,000.00 in pre judgment interest on his unpaid minimum wages and overtime and $1,535.16 on his unpaid spread of hours.  Plaintiff Mukhina is entitled to $9,641.47 on her unpaid minimum wages and $9.61 on her unpaid spread of hours.

## WAGE NOTICE AND WAGE STATEMENT

Under the NYLL, employers must provide employees with wage and hour annual notices and weekly statements.  NYLL §§ 195(1), 195(3).

If an employer fails to provide an employee with a Section 195(1)-compliant notice within ten business days of an employee's first day of employment, the employee has a private right of action for damages. Employers face liability of $50 per workday for each day the notice has not been given, not to exceed a total of $5,000 per employee. In addition, an employer who fails to provide a wage statement to an employee along with his or her wages, as required by Labor Law Section 195(3), is subject to liability of $250 per workday, not to exceed $5,000.

Thus, each Plaintiff Carrasco and Plaintiff Mukhina are entitled to $10,000.00 in damages for the notice and statement violations pursuant to the stipulation that neither were issued notices or statements.

## TOOLS OF THE TRADE

Defendants required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, such as bicycles and shirts, further reducing their wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

The parties stipulated to these values at trial.  Plaintiff Carrasco is entitled to $3,090.00 in tools of the trade and Plaintiff Mukhina is entitled to $215.00 in tools of the trade.

## TIP WITHHOLDING (MUKHINA ONLY)

New York law prohibits employers from keeping gratuities paid by customers for themselves. Section 196-d of the New York Labor Law states in relevant part "No employer . . . shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee."

Here, the parties stipulated that Plaintiff Mukhina is owed $10,000.00 in gratuities that she was entitled to receive.

## FIFTEEN PERCENT INCREASE IN JUDGMENT IF UNPAID WITHIN NINETY DAYS

New York Labor Law Section 198(4) provides:

> Any judgment or court order awarding remedies under this section shall provide that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent.

Therefore, the judgment should provide that if any amounts of the New York Labor Law damages are unpaid within ninety days of the expiration of the time to appeal, the total amount of such damages will automatically increase by fifteen percent. *See Maldonado v. Bistro 1285 Inc.*, Index No. 11-cv-4924 (GBD), 2013 U.S. Dist. LEXIS 70815, *10 n. 9 (S.D.N.Y. May 13, 2013).

## CONCLUSION

Wherefore, it is respectfully requested that Plaintiffs be granted judgment against Defendants, as set out herein.

Dated: September 26, 2018

        MICHAEL FAILLACE & ASSOCIATES, P.C.
        *Attorneys for Plaintiffs*

        By: ___/s/ Colin Mulholland, Esq. ___
        Colin Mulholland, Esq.
        60 East 42nd Street, Suite 4510

11

>New York, New York 10165
>(212) 317-1200

12