**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

VICENTE CARRASCO FLORES and VALERIYA MUKHINA,, *individually and on behalf of others similarly situated*

**17-CV-06915 (LGS)**

*Plaintiffs,*

-against-

NYC PASTA AND RISOTTO CO. LLC (d/b/a RADICCHIO PASTA AND RISOTTO CO.), SATINDER SHARMA and DANIEL MONTOYA

*Defendants.*

---------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION**
**FOR ATTORNEYS' FEES, AND COSTS**

MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
*Attorneys for Plaintiff*

Preliminary Statement

As the prevailing party in this action brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and New York Labor Law, Plaintiffs are entitled to reasonable fees and costs. 29 U.S.C. § 216(b); N.Y. Lab. Law § 198(1-a). Having prevailed on all of the claims brought in this action (with the understanding that Defendant Daniel Montoya is not liable for any of the violations alleged), Plaintiffs now move for reasonable attorneys' fees and costs in the total amount of $27,520.03 as set forth below and recorded in the form of Michael Faillace & Associates, P.C.'s standard billing sheet, annexed to the Declaration of Colin Mulholland, Esq ("Mulholland Dec.") as **Exhibit A**.

Argument

**I. PLAINTIFFS ARE THE PREVAILING PARTIES IN THIS LITIGATION AND THEREFORE ARE ENTITLED TO AN AWARD OF ATTORNEYS' FEES AND COSTS**

"Both the FLSA and NYLL are fee-shifting statutes entitling [Plaintiff] to recover . . . reasonable attorneys' fees and costs." *Gurung v. Malhotra*, 851 F. Supp. 2d 583, 595 (S.D.N.Y. 2012); *see* 29 U.S.C. § 216(b); NYLL §§ 198(1-a), 663(1). Plaintiffs are the prevailing party for the purposes of the NYLL "if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278-79 (1st Cir. 1978)).

In the Second Circuit, awards of attorneys' fees are calculated based on the "presumptively reasonable fee" approach adopted in *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 & n.4 (2d Cir. 2008). Under this approach, the court sets a "reasonable hourly rate," bearing in mind all the case-specific variables, and then multiplies the

rate times the number of hours reasonably expended to calculate the "presumptively reasonable fee." *Id.* at 190; *see Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 141 (2d Cir. 2007).

A reasonable hourly rate is "the rate a paying client would be willing to pay." *Arbor Hill*, 522 F.3d at 190. In setting this rate, a court is to consider the traditional factors enumerated in *Johnson v. Georgia Highway Express. Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), abrogated on other grounds by *Blanchard v. Bergeron*, 489 U.S. 87, 92-93, 96, 109 S. Ct. 939, 103 L. Ed. 2d 67 (1989):

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary-hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Arbor Hill*, 522 F.3d at 186 n.3 (citing *Johnson*, 488 F.2d at 717-19). The court must also bear in mind that "a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively," and consider that the client "might be able to negotiate with his or her attorneys, using their desire to obtain the reputational benefits that might accrue from being associated with the case." *Id.* at 186.

Some of the *Johnson* factors "are more logically related to determining the number of hours that should be compensated, and others, such as the extent of success, might be considered in setting the number of compensable hours or in making a further adjustment after a presumptive fee has been established." *Rozell v. Ross-Holst*, 576 F. Supp. 2d 527, 537 n.l (S.D.N.Y. 2008).

There is no proportionality requirement in the Second Circuit, so long as "a party [sic] has established his entitlement to some relief on the merits of his claims. *Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany*, 484 F.3d 162 (2d Cir 2004). The Courts have "rejected a per se proportionality rule, i.e., proportionality linking the prevailing party's attorneys' fees to the degree of monetary success achieved." *Adorno v. Port Auth. of N.Y. & N.J.*, 685 F.Supp.2d 507, 512 (S.D.N.Y. 2010). Here, and as set forth below, Plaintiffs' fee request is reasonable.

## II. THE HOURLY RATES REQUESTED FOR PLAINTIFF'S COUNSEL ARE REASONABLE.

Plaintiff is seeking hourly rates of $450.00 for Attorney Michael Faillace; $375.00 for Attorney Colin Mulholland; $350 an hour for Attorney Gennadiy Naydenskiy; $175 for paralegal work. These rates are the hourly rates typically charged to clients of Michael Faillace & Associates, P.C., and are reasonable and appropriate to the level and skill of the attorneys who have represented Plaintiffs. To assess the reasonable rate, the Court should consider the prevailing market rates "for similar services by lawyers of reasonably comparable skill, experience and reputation," *Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998) (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)). The Court may also rely on its knowledge of private firms' hourly rates. *Miele v. N.Y. State Teamsters Conference Pension & Ret. Fund*, 831 F.2d 407, 409 (2d Cir. 1987).

While data about billing rates is most readily available for large law firms, and Michael Faillace & Associates, P.C. is a small law firm, the frequently reported increase in billing rates in the general legal market demonstrate that the market for legal services is not static. *See* Sara Randazzo and Jacqueline Palank, *Legal Fees Cross New Mark: $1,500 Per Hour*, THE WALL

STREET JOURNAL, Feb. 9, 2016 available at http://www.wsj.com/articles/legal-fees-reach-new-pinnacle-1-500-an-hour-1454960708 (viewed Sept. 26, 2016) (describing 3% to 4% annual rate increases at large law firms); Lisa Ryan, *BigLaw Keeps Raising its Billing Rates*, Oct. 20, 2015, available at http://www.law360.com/articles/716738/biglaw-keeps-raising-its-billing-rates (viewed Sept. 26, 2016) (describing increases in legal billing rates).

The attorneys involved in this case are at the highest level of their profession and are well deserving of the requested rates.

**Michael Faillace**, partner at Michael Faillace & Associates, P.C., is requesting an hourly rate of $450.00. This is the hourly rate he actually bills and charges for work that is billed and paid on an hourly basis. Attorney Faillace has a decade of experience litigating employment actions in the federal courts. Prior to forming the firm, Mr. Faillace worked for seventeen years as an in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace has also taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998. Mr. Faillace is a nationally-renowned speaker and writer on employment law. He is the author of the best-selling treatise on the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI). Attorney Faillace graduated with a Juris Doctor and Masters in Public Administration from Harvard Law School and the Kennedy School of Government in 1983, and an L.L.M. in Labor and Employment Law from New York University School of Law in 1999. Work performed by Faillace is indicated with the initials "MF."

**Colin Mulholland**, is requesting a rate of $375.00 an hour. This proposed rate has been been approved recently by the Honorable Richard Sullivan after a top FLSA verdict in the amount of over $2.2 million. **See** *Calle, et al. v. NDG Coffee Shop, Inc. d/b/a Big Nick's Burger & Pizza*

*Joint, Too., et al.*, No. 16-cv-7702. Dkt No. 56 (SDNY April 12th, 2018). Mr. Mulholland is a dedicated trial attorney at Michael Faillace & Associates, P.C. where he acts as lead trial counsel on dozens upon dozens of FLSA and NYLL claims within the Second Circuit. He graduated from Benjamin N. Cardozo School of Law in 2013 *cum laude*. He has been practicing law since February of 2013. At his first firm, Heriberto A. Cabrera & Associates, he was the lead civil litigator on dozens of civil lawsuits which included over a dozen FLSA/NYLL claims where he performed as lead counsel for three and a half years. He was an associate with Michael Lamonsoff & Associates for one year where he managed a case load of over 100 personal injury lawsuits. At Michael Faillace's office, since May of 2017, Mr. Mulholland has conducted several successful FLSA bench trials and obtained a record setting $2.2 million dollar verdict in a FLSA/NYLL jury trial before Judge Richard Sullivan.

Gennadiy Naydenskiy is a 2013 graduate of the State University of New York at Buffalo Law School, admitted to the New Jersey Bar and the United States District Court, District of New Jersey, in December 2013, the New York Bar in February 2014, the United States District Court, Southern District of New York in June 2014, and the United States District Court, Eastern District of New York in July 2014. Prior to joining Michael Faillace and Associates, P.C. in August 2018, Gennadiy Naydenskiy was a solo practitioner from October 2014, focusing primarily on FLSA wage and hour cases. Prior to founding his solo practice, Gennadiy Naydenskiy was an associate for Harrison, Harrison, and Associates a boutique law firm that focus most of their practice on FLSA wage and hour individual, multi-plaintiff, collective and class actions. Additionally, prior to being an associate, Gennadiy Naydenskiy was a law clerk for Harrison, Harrison, and Associates from May 2012. He is seeking approval of a billing rate of $350 for a single entry on this case where

he assisted in performing research for a trial memorandum regarding the interaction between tips and minimum wage obligations.

There are entries on the billing records for PL which designates paralegal work at a rate of $175.00 per hour. Plaintiffs' counsel contends is a fair market rate for paralegal work within Manhattan. See e.g. Muñoz v. Manhattan Club Timeshare Ass'n, No. 11-CV-7037 (JPO), 2014 U.S. Dist. LEXIS 132166 (S.D.N.Y. 2014) ("Several recent cases from this district have held that paralegal time is reasonably billable at between $75 and $200 per hour").

These rates are reasonable given the experience of the attorneys in wage and hour matters, and their performance in this case. *See Perez v. Platinum Plaza 400 Cleaners, Inc.*, Index No. 12-cv-9353 (PAC), 2015 U.S. Dist. LEXIS 78079, *3 n. 1 (S.D.N.Y. June 16, 2015) (awarding requested rates to Faillace, finding they had "demonstrated entitlement to these rates based on their experience in wage and hour litigation and their performance in this case"); *Najera v. 144 Ninth Gotham Pizza, Inc.*, Index No. 12-cv-3133 (DLC) (S.D.N.Y. February 24, 2017) (awarding requested rates to Faillace and Clark, finding rates "reasonable given the complexity of this litigation and the favorable results obtained"). Although some cases have declined to award attorneys from Michael Faillace & Associates, P.C. their requested rates, *see id.* (citing *Rosendo v. Everbrighten Inc.*, 2015 U.S. Dist. LEXIS 50323, 2015 WL 1600057, at *8 (S.D.N.Y. Apr. 7, 2015)), the rates are justified here, as they were in *Perez*, by the quality of work performed by Plaintiffs' attorneys.

## III. PLAINTIFF'S COUNSEL EXPENDED A REASONABLE AMOUNT OF TIME ON THIS CASE AND SHOULD BE COMPENSATED FOR IT

"After determining the appropriate hourly billing rate, the court calculates the hours reasonably expended." *Maldonado v. La Nueva Rampa*, Inc.,2012 U.S. Dist. LEXIS 67058 at *13

(S.D.N.Y. May 14, 2012). The Court must make "a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended." *Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir. 1994). The critical inquiry is "whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992) (citation omitted); *accord Nike, Inc. v. Top Brand Co.*, No. 00 Civ. 8179 (KMW) (RLE), 2006 U.S. Dist. LEXIS 76543, 2006 WL 2946472, at *5 (S.D.N.Y. Feb. 27, 2006), *report & rec. adopted*, 2006 U.S. Dist. LEXIS 76540, 2006 WL 2884437 (S.D.N.Y. Oct. 6, 2006). The Court should examine contemporaneous time records that identify, for each attorney, the hours expended on a task, "with a view to the value of the work product of the specific expenditures to the client's case." *Luciano v. Olsten Corp.*, 109 F.3d 111, 116 (2d Cir. 1997) (citation omitted); *see also Scott v. City of New York*, 643 F.3d 56, 57 (2d Cir. 2011); *N.Y. State Ass'n for Retarded Children v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). The Court may also rely on its own experience with the case, as well as its experiences with similar submissions and arguments as additional support. *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992). *But see Scott*, 643 F.3d at 58 ("award based entirely on the district court judge's personal observation and opinions of the applying attorney . . . is contrary to *Carey*"). Ultimately, "[m]ultiple attorneys are allowed to recover fees on a case if they show that the work reflects the distinct contributions of each lawyer." *Id*. (citations omitted).

Plaintiffs request compensation for 54.10 hours of billed time. Here, Plaintiffs' request for compensation for hours of time is eminently reasonable. This action was litigated to a full verdict. Much work was required to prepare for trial, including preparation of Plaintiffs' testimony and preparation to cross-examined defendants, deposition of the Defendants and several memorandums of law. Most of the work in the case, and all of the trial preparation, was performed by a singly attorney, Colin Mulholland,

which increased efficiency. The total hours billed by all of Plaintiffs' attorneys of approximately 54.10 hours is reasonable for a case of this size that proceeded to a jury verdict, and especially for a case where there were two (2) Plaintiffs.

Far smaller recoveries than the one here have supported the award of statutory fees far in excess of those sought herein. *See, e.g., Barfield v. New York City Health and Hosp. Corp.*, 537 F.3d 132 (2d Cir. 2008) ($49,889 in attorney fees awarded in FLSA action following summary judgment in the amount of $1,600). A court should consider the degree of success obtained in determining fees, *see Id.* at 152; *Kassim v. City of Schenectady*, 415 F.3d 246, 254 (2d Cir. 2005); *Pino v. Locascio*, 101 F.3d 235, 237-38 (2d Cir. 1996). At the same time, the simple disproportion between a plaintiff's recovery and the fee applied for is not a proper basis for a reduction in an otherwise reasonable fee. *See Kassim*, 415 F.3d at 252.

In total, Plaintiffs request attorneys' fees, before costs and expenses, of $20,550.00.

## IV. PLAINTIFFS ARE ENTITLED TO REIMBURSEMENT OF THEIR COSTS

As a prevailing party, Plaintiff is entitled to reasonable costs. The law is clear that a prevailing plaintiff in an FLSA/NYLL case is entitled to "costs of the action." N.Y. Labor Law Section 663(1) ("If any employee is paid by his or her employer less than the wage to which he or she is entitled under the provisions of this article, he or she shall recover in a civil action the amount of any such underpayments, together with costs all reasonable attorney's fees {...}"); 29 U.S.C. § 216(b); *see also Santillan v. Henao*, 822 F. Supp.2d 284, 301 (E.D.N.Y. 2011); *Smith v. Nagai*, No. 10 Civ. 8237 (PAE) (JCF), 2012 U.S. Dist. LEXIS 89352, 2012 WL 2421740, at *6 (S.D.N.Y. May 15, 2012) (noting documented costs "are fully compensable under the FLSA"), *report & rec. adopted*, 2012 U.S. Dist. LEXIS 89353, 2012 WL 2428929 (S.D.N.Y. June 27, 2012); *Kahlil v.*

*Original Old Homestead Rest., Inc.*, 657 F. Supp. 2d 470, 478 (S.D.N.Y. 2009) ("Fee awards include 'reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients.') (*quoting LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998) (citation omitted)). Plaintiff seeks costs associated with court filings,[1] translation services, deposition transcripts, and trial reporting in this action, as documented in Exhibits B to the Mulholland Declaration. These costs total to $6,970.03.

[1] Plaintiffs request the Court take judicial notice of the filing fee in this District.

## **Conclusion**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs an award of attorneys' fees in the amount of $20,550.00 and costs of $6,970.03 for a total of $27,520.03, as set forth in the Mulholland Declaration.

Dated: New York, New York
September 26, 2018

Respectfully submitted,

/s/ Colin Mulholland, Esq.
Colin Mulholland, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, NY 10165
(212) 317-1200
cmulholland@faillacelaw.com
*Attorneys for Plaintiff*