UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

VICENTE CARRASCO FLORES and
VALERIYA MUKHINA, individually
and on behalf of others similarly situated,

                                                             **17 Civ. 06915 (LGS)**

      Plaintiffs,

             -against-

NYC PASTA AND RISOTTO CO. LLC
(d/b/a RADICCHIO PASTA AND
RISOTTO CO.), SATINDER SHARMA and
DANIEL MONTOYA,

      Defendants.

-------------------------------------------------------X

**DEFENDNANTS MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFFS'
<u>APPLICATION FOR ATTORNEYS' FEES</u>**

Brian Lehman
Lehman LG LLC
244 5th Ave., Suite B258
New York, NY 10001
Counsel for Defendants

Defendants NYC Pasta and Risotto Co. LLC ("Company") and Satinder Sharma ("Sharma") respectfully submit this memorandum of law in opposition to the application for attorneys' fees (Dkt. #80) by Plaintiffs Vicente Carrasco Flores and Valeriya Mukhina.

## I.   INTRODUCTION

Plaintiffs who prevail on overtime and wage claims are <u>only</u> entitled to recover attorneys' fees if those fees are reasonable. *See* N.Y. Lab. Law § 198.[1] *First*, the lawyers' hourly rate must represent what "a reasonable, paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany* ("*Arbor Hill*"), 522 F.3d 182, 190 (2d Cir. 2008). *Second*, billable hours are calculated based on the fact that "a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Id. Finally*, "the most critical factor" in determining the award "is the degree of success obtained" as measured by the allegations and damages set forth in the complaint. *Barfield v. N.Y.C. Health and Hosps. Corp.*, 537 F.3d 132, 152 (2d Cir. 2008).

In this case, the attorneys' fees requested by Plaintiffs' counsel are unreasonable if only because their requested hourly rates far exceed their established market rate. For the reasons below, the Company and Sharma respectfully submit that the Court should find that Mr. Faillace's fees are $325 an hour and Mr. Mulholland's fees are $225 an hour. *See* Part III *infra*.

Defendants also submit that the lodestar amount and costs be cut by 60% given plaintiffs' lack of success in pursuing their initial collection action against the Company and three individual defendants (two of whom no judgment was found against). Across-the-board

---

[1] Plaintiffs also brought claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") but these claims were barred by the two-year statute of limitations, 29 U.S.C. § 255(a). Indeed, Plaintiffs can point to no relief that they could not have achieved by filing their action in state court. *See Gamero v. Koodo Sushi*, 272 F. Supp. 3d 41, 499 n.7 (S.D.N.Y. 2017).

percentage cuts are warranted in light of Plaintiffs' failure to prove most of their allegations and given Plaintiffs' counsel's failure to keep <u>detailed</u> time records and instead submitting vague "block" bills that make it impossible to decipher how time was spent. *See* Part IV *infra*.

## II.   LEGAL STANDARD

The burden is on Plaintiffs to justify the attorneys' fees sought. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (holding "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates"). A party seeking attorneys' fees bears the burden of supporting its claim of hours expended with <u>detailed</u> time records. *See N.Y. State Ass'n for Retarded Children, Inc. v. Carey ("Carey")*, 711 F.2d 1136, 1147-48 (2d Cir. 1983). "Courts look unfavorably on block billing and vagueness in billing because imprecise entries limit [the court's] ability to decipher whether the time expended has been reasonable." *Matteo v. Kohl's Dep't Stores, Inc.*, No. 09 Civ. 7830, 2012 WL 5177491, at *4 (S.D.N.Y. Oct. 19, 2012), *aff'd*, 533 F. App'x 1 (2d Cir. 2013),

While the "district court has discretion in determining the amount of a fee award," *Hensley*, 461 U.S. at 437, courts must be mindful that "attorney's fees are to be awarded 'with an eye to moderation, seeking to avoid either the reality or the appearance of awarding windfall fees.'" *Carey*, 711 F.2d at 1139 (quoting *Beazer v. New York Cty. Transit Auth.*, 558 F.2d 97, 101 (2d Cir. 1997)). The district court must "provide a concise but clear explanation of its reasons for the fee award." *Hensley*, 461 U.S. at 437.

### III.   PLAINTIFFS' COUNSELS' PROPOSED RATES ARE UNREASONABLE

In this case, Mr. Faillace, the senior named partner of Michael Faillace & Associates, P.C., seeks $450 an hour (or the equivalent of $810,000 a year for 1800 billable hours). Mr. Mulholland, an attorney who has been admitted to the New York bar for five years, seeks $375 an hour (or the equivalent of $675,000 a year for 1800 billable hours). These fee requests are clearly excessive under well-established case law in this District.

For partners in overtime and wage cases that succeed on their claims, courts in this district typically approve hourly rates from $300 to $400. *See Trinidad v. Pret a Manger (USA) Ltd.*, No. 12 Civ. 6094 (PAE), 2014 WL 4670870, at *9 (S.D.N.Y. Sept.19, 2014) (collecting cases). In fact, courts in this Circuit have repeatedly reduced Mr. Faillace's requests as excessive when he has requested $450 an hour. *See, e.g.*, *Portillo v. New Ko-Sushi Japanese Rest. Inc.*, No. 16 Civ. 2429 (JMF), 2017 WL 3995602, at *l (S.D.N.Y. Sept. 8, 2017) (applying $400 per hour rate for Mr. Faillace); *Quiroz v. Luigi's Dolceria, Inc.*, 14 Civ. 871 (VVP), 2016 WL 6311868, at *3-4 (E.D.N.Y. Oct. 28, 2017) (applying rate of $350 per hour).

This case consisted of simple wage and hours claims on which only one issue was present to the jury. At no point did the case present complex or novel questions that could potentially command a higher rate. Accordingly, the Court should award $325 an hour for Mr. Faillace.

For mid-level and senior associates that have more experience than Mr. Mulholland, courts commonly apply rates between $200 and $250 an hour.[2] *See Rosales v. Gerasimos Enters.*

---

[2] Somewhat shockingly, the Faillace Firm did not honor the request from a judge in this District "that, in future cases, the Firm [i.e., Michael Faillace & Associates, P.C.] alert reviewing courts to all recent cases in which attorneys' fees have been awarded based on the work of the relevant attorneys, including cases in which an hourly billing rate below that requested in the case at hand has been used." *Hernandez v. JRPAC Inc.*, No. 14 Civ. 4176 (PAE), 2017 WL 66325, at *3 (S.D.N.Y. Jan. 6, 2017) (emphasis in original).

*Inc.*, No. 16 Civ. 2278 (RA), 2018 WL 286105, at *2 (S.D.N.Y. Jan. 3, 2018) (determining $250 an hour rate to be reasonable for Shawn Clark, an attorney with seven years of experience at Michael Faillace & Associates, P.C., as courts have given him a rate be between $200 and $250 an hour) (citing cases); *Salustio v. 106 Columbia Deli Corp.*, No. 15 Civ. 6857 (GWG), 2017 WL 5714089, at *2 (S.D.N.Y. Nov. 27, 2017); *Sevilla v. Nekasa Inc.*, No. 16 Civ. 2368 (AJP), 2017 WL 1185572, at *5 (S.D.N.Y. Mar. 30, 2017) (collecting cases). Junior associates receive as low as $100 an hour or $180,000 a year for 1800 billable hours. *See, e.g.*, *Garland v. Cohen & Krassner*, No. 08-CV-4626, 2011 WL 6010211, at *9 (E.D.N.Y. Nov. 29, 2011) (citing cases and providing rates of $200-$350 per hour for partners, $200-$250 per hour for senior associates, and $100-$150 per hour for junior associates).

Given his lack of experience, Mr. Mulholland's rate should be no more than $225 an hour. A reasonable hourly rate represents what "a reasonable, paying client would be willing to pay." *Arbor Hill*, 522 F.3d at 184, 192; *see also Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010).[3] A reasonable, well-informed client seeking to efficiently litigate the case would not pay an attorney with Mr. Muholland's experience more than $225 an hour for a non-complex case asserting simple wage and overtime claims.

## IV. PLAINTIFFS' COUNSELS' HOURS ARE UNREASONABLE GIVEN THE LACK SUCCESS ACHIEVED ON THE INITIAL AND AMENDED COMPLAINT

Plaintiffs initially sued the Company and three individual defendants: (1) Ajit Bains, (2) Satinder Sharma, and (3) Daniel Montoya. *See* Dkt. #1, ¶¶ 22-30, ¶¶ 113-51 (asserting all claims against defendants as a group). On December 7, 2017, after three months had passed since the initial complaint, Plaintiffs elected not to proceed against Ajit Bains. *See* Dkt. #32. Ten months

---

[3] Courts may take "judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district." *Townsend v. Benjamin Enters., Inc.*, 679 F.3d 41, 59 (2d Cir. 2012)

later, a jury found that Daniel Montoya was not liable as an "employer." *See* Dkt. #71 (jury verdict). Thus, <u>only</u> one of these initial defendants was found liable as an employer: Satinder Sharma.

Plaintiffs are only entitled to recover fees for the hours on the claims on which they were successful and courts must "exclude excessive, redundant or otherwise unnecessary hours, *as well as hours dedicated to severable unsuccessful claims*." *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999) (emphasis added). Time spent unsuccessfully pursuing claims against Ajit Bains and Daniel Montoya is not compensable. Likewise, the time spent on allegations as a collective action, Dkt. #1 ¶¶ 83-112, is only recoverable if a collective action recovery is achieved.

Determining which hours that are compensable is impossible, however, because Plaintiffs' counsel engaged in "block billing" as well as repeatedly vague entries that make it impossible to decipher how the time was expended. Plaintiffs' counsel is well-aware that "[c]ourts look unfavorably on block billing and vagueness in billing because imprecise entries limit [the court's] ability to decipher whether the time expended has been reasonable." *Matteo v. Kohl's Dep't Stores, Inc.*, No. 09 Civ. 7830, 2012 WL 5177491, at *4 (S.D.N.Y. Oct. 19, 2012), *aff'd*, 533 F. Appx. 1 (2d Cir. 2013). Indeed, inexact timekeeping appears to be a long-running issue with the Faillace law firm. *See, e.g.*, *Sevilla v. Nekasa, Inc.*, 16 Civ. 2368 (AJP), 2017 WL 1185572, at *9 (S.D.N.Y. Mar. 30, 2017) (noting that all of the associate's time at the Faillace's firm suggested "inexact time keeping").

Consider the entries submitted by Michael Faillace from September 4, 2017 through September 18, 2017, that total 4.9 hours to file the complaint in this action. The first entry of 2.3 hours merely states: "drafted complaint; discussed facts of case with client; sent complaint to

staff for finalization." Dkt. #82-1 at 1. The time that Mr. Faillace spent focused on Mr. Bains, Mr. Montoya, or on the collective action allegations must have been substantial if he was fulfilling his ethical duties.[4] But the billing entries are too vague to give the court insight and do not demonstrate the actual work performed.

Faced with such situations created by attorneys' failures to provide detailed time keeping, courts commonly make a percentage cut to the attorneys' hours. *See Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 173 (2d. Cir. 1988) (holding that district courts have the authority "to make across-the-board percentage cuts in hours as a practical means of trimming fat from a fee application") *see also In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 226, 237 (2d Cir. 1987). In fact, in the absence of a consequence for block billing and vague entries, Plaintiffs' counsel will never have an incentive to discontinue a practice that prevents the Court from reviewing and approving the entries as it is required to do under federal and state law. *See, e.g., Salustio*, 2017 WL 5714089, at *2 (imposing a reduction of 50 percent in a case involving the Faillace firm) (collecting cases).

In this case, the Court should make an initial across-the-board reduction of 50% for the use of block billing and vague entries and the fact that Plaintiffs only achieved success against one of the individual defendants. For example, at least half the time at trial was spent pursuing

---

[4] In the alternative, Plaintiffs' counsel was excessively billing and merely filing boilerplate. In fact, courts in both the Southern and Eastern Districts of New York have "noted the boilerplate nature of the papers used by Faillace's firm and have reduced or excluded fees sought for hours purportedly spent drafting, finalizing, and filing the complaint." *Xochimitl v. Pita Grill of Hell's Kitchen, Inc.*, No. 14 CV 10234, 2016 WL 4704917, at *21 (S.D.N.Y. Sept. 8, 2016), report and recommendation adopted by 2016 WL 6879258 (S.D.N.Y. Nov. 21, 2016) (collecting cases). One court has noted "some concern that [Faillace] either did not adequately investigate the viability of Plaintiff's FLSA claims, or asserted and proceeded on those claims primarily for the purpose of obtaining and maintaining federal jurisdiction over this action, and not because Plaintiff actually had good-faith evidentiary support for his [allegations]." *Sanchez v. I&A Rest. Corp.*, No. 14 CV 726, 2017 WL 2537814, at *1 n.2 (S.D.N.Y. May 22, 2017).

claims against Daniel Montoya – claims that were not successful. 50% as an estimate of time unsuccessfully spent is fair and reasonable under these circumstances. A 50% cut also takes into consideration that some of the billing entries are not compensable under well-established law in this District. *See Almanzar v. 1342 St. Nicholas Ave. Rest. Corp.*, No. 14 Civ 7850, 2016 WL 8650464, at \*19 (S.D.N.Y. Nov. 7, 2016) ("Filing a document is plainly a task that could have been performed by a junior associate or paralegal, billing at a lower hourly rate.") report and recommendation adopted by 2017 WL 1194682 (S.D.N.Y. Mar. 30, 2017).

The Company and Sharma also submit that they should not be liable for time spent pursuing allegations on behalf of a collective group of employees when Plaintiffs did not succeed on these allegations. An across-the-board reduction of 10% is appropriate as an estimate of the time spent prior to the trial particularly given that Plaintiffs never withdrew these allegations and presumably pursued them in drafting the initial complaint and through the depositions of Mr. Sharma and Mr. Montoya.

**IV.    CONCLUSION**

A reasonable, well-informed client seeking to efficiently litigate the case would never pay an attorney more than twenty (20) hours of billable time. Two plaintiffs – a waitress and a delivery person – sued an Italian restaurant that had been closed for more than two years. Due to the lapse of time, the business could not retrieve any of the business records. Moreover, the one owner who visited the restaurant and supervised the staff in cleaning and organizing the restaurant had delegated the day-to-day management of the employees including their pay, scheduling, and record keeping to the store manager (*e.g.*, Vanja Bojic). Plaintiffs elected not to sue the manager.

The owner, Sati Sharma, was unable to rebut any allegations made about any employee's pay and schedules (*e.g.*, 76 hours a week), such day-to-day issues as "tools" of their trade (*e.g.*, paying approximately a $1,000 for a delivery bicycle), or even the day that an employee was hired. Defense counsel disclosed the lack of records and the inability of the owner to speak to these issues from the very beginning of the case pursuant to Rule 26(a) of the Federal Rules of Civil Procedure. Thus, as Plaintiffs' counsel knew, Plaintiffs' damages and the violations of labor law by the Company would be determined on Plaintiffs' allegations alone. The only question to resolve was whether the owner, Sharma, was an "employer" and thus personally liable for the violations by the Company and its agents.

Rather than efficiently focus the litigation on this question, Plaintiffs' counsel expanded the litigation into a collective action and sued the chef of the restaurant, Daniel Montoya, as well as the other owner, Ajit Bains. Plaintiffs' counsel then failed to prove any of these allegations. First, Plaintiffs' counsel voluntarily dropped Ajit Bains when it filed an amended complaint (Dkt. #32). Then at trial, Plaintiffs' counsel ignored and abandoned the collective action claims despite never amending the complaint or even informing the Court and defense counsel that it was not going to pursue them. Then, finally, as the jury found, Plaintiffs failed to present evidence to meet its burden that the chef, Montoya, was an employer of either Plaintiff.[5]

Moreover, while Plaintiffs demanded a jury, a jury's verdict on the issue of who constituted an "employer" was beside the point because the Second Circuit has held for the last fifteen years that the ultimate decision as to whether a party is an employer is a legal conclusion for this Court to decide. *Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 76 (2d Cir. 2003). In fact,

---

[5] In fact, the evidence submitted by one of the Plaintiffs, the waitress, against the chef was so weak that the Court reserved judgment on whether it could even be submitted to the jury. *See* Dkt. # 78-1 (excerpt of Transcript dated September 7, 2018, at p. 102).

Plaintiffs' counsel took this position on appeal before the Second Circuit in another case brought against Defendant Sharma. *See* Dkt. #62-1 (Appellants' Brief in *Tapia v. Blch 3rd Ave* (17-2718) before the United States Court of Appeals for the Second Circuit). While juries determine findings of <u>historical</u> fact, courts make the "ultimate decision as to whether a party is an employer." *Tapia et al. v. Blch 3rd Ave. LLC et al.*, No. 17 Civ. 2718, at *6 (2d Cir. 2018) (per curiam) available at Dkt. #78-2.

Put simply: Counsel seeking to litigate these case efficiently would have deposed Mr. Sharma, which only took 2.5 hours despite the fact that he showed up late, and then submitted the question of personal liability to the Court for a bench trial, which surely would have not taken more than another 2.5 hours, particularly since the direct testimony could have been submitted by affidavit. Even assuming another 2.5 hours to prepare such affidavits for a total of 7.5 hours, and then <u>doubling</u> this estimated time to a total of 15 hours, Plaintiffs' counsel would have fallen five hours <u>short</u> of a 20-hour estimate.

This case was over litigated from start to finish. A reasonable, well-informed client seeking to litigate this case in an efficient manner would expect to be billed far less than twenty (20) hours – and certainly nothing more. The Company and Mr. Sharma respectfully submit that this common sense is generously reflected in awarding 40% of Plaintiffs' counsels' application for attorneys' fees (21.6 hours between Mr. Faillace and Mr. Mulholland) at the rates repeatedly determined by courts in this District ($325 per hour and $225 per hour respectively) and 40% of the costs as submitted by Plaintiffs.

Date: October 9, 2018

Respectfully submitted,

/s/ *Brian Lehman*

Brian Lehman
Lehman LG LLC
244 5th Ave., Suite B258
New York, NY 10001
brian@lehmanlawgroup.com
724-453-4626

Counsel for Defendants

Service: All Counsel of Record by CM/ECF