**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X

VICENTE CARRASCO FLORES and VALERIYA MUKHINA,, *individually and on behalf of others similarly situated*,

Index No. **17-CV-06915 (LGS)**

                                        *Plaintiffs*,

         -against-

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION**

NYC PASTA AND RISOTTO CO. LLC (d/b/a RADICCHIO PASTA AND RISOTTO CO.), SATINDER SHARMA and DANIEL MONTOYA

                                        *Defendants*.

-------------------------------------------------------X

Plaintiffs Vincente Carrasco Flores and Valeriya Mukhina, by their attorneys Michael Faillace & Associates, P.C., submit this memorandum of law in opposition to Defendants' motion for reconsideration.

## STANDARD OF REVIEW FOR A RENEWED MOTION FOR A DIRECTED VERDICT OR JUDGMENT NOT WITHSTANDING THE VERDICT

In ruling on motion for judgment as matter of law, district court must consider evidence in light most favorable to non-movant and draw all reasonable inferences jury could have drawn; court may set aside verdict only where there is such complete absence of evidence supporting verdict that jury's findings could only have been result of sheer surmise and conjecture or where evidence overwhelmingly compels different verdict. Cweklinsky v. Mobil Chem. Co., 364 F3d 68, 21 IER Cas (BNA) 682 (2d Cir. 2004).

In absence of motion for judgment notwithstanding the verdict made in trial court within ten days after reception of verdict, Rule 50(b) forbids trial judge or appellate court (on reversal) to enter such judgment. Johnson v. New York, N. H. & H. R. Co., 344 US 48, 73 S Ct 125, 97 L Ed 77 (1952).

Courts may not grant motion for judgment as matter of law unless evidence is such that there can be but one conclusion as to verdict that reasonable persons could have reached. O'Bar v. Borough of Naugatuck, 260 F Supp 2d 514 (D. Conn. 2003).

## STANDARD OF REVIEW FOR A MOTION TO RECONSIDER

"The standard for granting such a motion {a motion to reconsider} is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., 70 F.3d 255 (2d Cir. 1995).

In re Beacon Associates Litig., 818 F. Supp. 2d 697 (S.D.N.Y. 2011):

"Reconsideration of a previous order by the court is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.' In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citation and internal quotation marks omitted). To prevail, "the movant must demonstrate 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Catskill Dev., L.L.C. v. Park Place Entm't Corp., 154 F. Supp. 2d 696, 701 (S.D.N.Y. 2001) (quoting Doe v. NYC  [*702]  Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983))"

## ARGUMENT

I.   **Tapia, et al. v. Blch 3rd Ave. LLC., et al.** No. 14 cv 8529, 2016 WL 4581341 **(S.D.N.Y. 2016) does not constitute a significant change in the law because the Second Circuit did not change the legal standard governing individual liability in FLSA cases**

To quote the *Tapia* court: "Reviewing *de novo* the district court's application of these factors **in the particular circumstances of this case**, we discern no error in its determination that Sharma is not an employer." (emphasis added)

In *Tapia*, the Second Circuit merely held that the trial court - sitting in a bench trial - did not clearly err in its findings under existing law in deciding that Satinder Sharma was not an employer for the particular plaintiffs who had been working at Bricklane Curry House – a completely different restaurant than Pasta Risotto. The Second Circuit did not change or disturb the law concerning individual liability under the FLSA within their opinion.

"A 'significant change in the law' occurs 'when an intervening appellate decision overturns a prior appellate decision that was determinative of a material issue.' An 'intervening appellate decision that 'settles a point of law without overturning prior precedent' or 'simply applies settled law to new facts' does not constitute a significant change in the law.'" *In re Pers. Restraint of Light-Roth*, 191 Wash. 2d 328, 422 P.3d 444 (2018) (internal citations omitted).

The *Tapia* opinion merely applied the existing *Carter* factors and *Irizarry* factors analysis to the particular facts present in that case without more. There is nothing in the *Tapia* opinion that would have altered the instructions submitted to the jury. Thus, the *Tapia* opinion does not constitute an intervening appellate decision justifying the motion for reconsideration made by the Defendants.

## II.     The transactions and occurrences at issue in this matter are materially distinct from the transactions and occurrences at issue in Tapia

This case involves different plaintiffs, a different restaurant, a different location, and a completely different evidentiary record than the ones at issue in *Tapia*. While Defendant Sharma held a 50% ownership interest in both Bricklane Curry House and Defendant Pasta Risotto, the

restaurants were simply different businesses and the plaintiffs differently situated from one another.

It seems that Defendants are trying to argue that the workers of any restaurant owned by Defendant Sharma are collaterally estopped from holding Sharma responsible for wage and hour violations at any restaurant Defendant Sharma happens to own – this is not the case.

The Plaintiffs in this lawsuit did not litigate, nor did they have standing to litigate, the factual issues at stake in *Tapia* because they did not work for that restaurant.  Thus, the Plaintiffs in this case should not have the decisions in *Tapia* held against them.

### III.     The evidentiary record is materially different between the two cases

Arguing without assenting that the evidentiary record in *Tapia* is material to Defendants' instant application, Plaintiffs would point out that the evidentiary record in this trial is indeed materially different from the record at issue in *Tapia*.

For example, the *Tapia* court opined that "{t}there was no evidence that Sharma determined employees' rates and methods of payment or signed employees' paychecks…"; however, in this trial, the Plaintiffs presented many paychecks directly signed by Defendant Sharma along with testimony and documentary evidence that Defendant Sharma participated in payroll practices and exercised operational control of Pasta and Risotto.

The *Tapia* court opined that the appellant pointed "to no evidence (nor could we discern any such evidence) in the record to support the assertion that Sharma exercised or possessed financial control over BLCH {the defendant in that case}"; however, here, the Plaintiffs presented several items of evidence that Sharma did exercise financial control of Pasta and Risotto through Defendant Sharma's review and receipt of daily income earning reports from Plaintiff Mukhina, Defendant Sharma's signing of numerous paychecks, his handling of late or incomplete pay

complaints, his regular interactions with management and staff, *inter alia*.  See generally Trial Tr. 32:1-2, 15-21; 33: 6-11, 13-14; 34:1-25; 39:8-25.  Defendant Sharma himself admitted that he signed checks in this case and reviewed daily income reports. See Trial Tr 109:17-19; 110:1-5.

Likewise, there was ample evidence in this case for the jury to conclude that Defendant Sharma both had the power to hire and fire and even exercised the power to hire and fire staff at Pasta and Risotto between Defendant Sharma's testimony at trial and several impeaching excerpts from his deposition transcripts wherein he admitted that he had and exercised the power to hire and fire staff at Pasta and Risotto. See Trial Tr. 106-:1-24; 101:1-25; 102:1-20; 147-149. That he reviewed and participated payroll practices. See Trial Tr. 116:21-25; 126:9-15.

### IV.     Other Fellow Employers Irrelevant

Defendants references to Vajna Borcic and other managers of Pasta and Risotto are irrelevant because the evidentiary record is closed.  If the Defendants believed they could seek contribution from any of the past managers, they could have filed a third-party complaint.

### CONCLUSION

Wherefore, it is respectfully requested that Defendants' motion be denied in its entirety, and such other and further relief this Court deems just and proper.

Dated: October 25th, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.
*Attorneys for Plaintiffs*

By: /s/ Colin Mulholland, Esq.
Colin Mulholland, Esq.
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200