UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
VINCENTE CARRASCO FLORES, et al.,                           :
                                         Plaintiffs,        :
                                                            :   17 Civ. 6915 (LGS)
                  -against-                                 :
                                                            :   ORDER
NYC PASTA AND RISOTTO CO. LLC., et al.,                     :
                                         Defendants.        :
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/18/2019

LORNA G. SCHOFIELD, District Judge:

    WHEREAS, on September 7, 2018, the Court issued an oral ruling denying Defendant Satinder Sharma's motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a). The Court held that there was sufficient evidence for a reasonable jury to conclude that Sharma was an employer for purposes of federal and state labor law. The Court based its decision on evidence showing (1) that Sharma was a fifty percent owner of the subject business, (2) that Sharma personally handled payroll issues, (3) that Sharma had signed payroll checks and (4) that Sharma provided Plaintiff Valeriya Mukhina with blank checks to be used for her payroll, and told her how to fill out the checks and when to deposit them.

    WHEREAS, Defendant Satinder Sharma moves for reconsideration of the Court's September 7, 2018, oral ruling (Dkt. No 77);

    WHEREAS, "[a] motion for reconsideration should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted). The standard "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted). A motion for

reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Id.* (internal quotation marks omitted). The decision to grant or deny a motion for reconsideration rests within "the sound discretion of the district court." *See Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (internal quotation marks omitted); *accord Strougo v. Barclays PLC*, 334 F. Supp. 3d 591, 595 (S.D.N.Y. 2018). It is hereby

**ORDERED** that Sharma's motion for reconsideration of the Court's September 7, 2018, ruling is **DENIED**. Sharma asserts that the Second Circuit's decision in *Tapia v. Blch 3rd Ave LLC*, 906 F.3d 58 (2d Cir. 2018) ("*Tapia II*"), constitutes an "intervening change of controlling law" warranting reversal of the Court's prior ruling. *See Kolel Beth Yechiel Mechil*, 729 F.3d at 104. In *Tapia*, former restaurant employees brought federal and state labor law claims against a restaurant and its co-owners, one of whom was Sharma. *Tapia II*, 906 F.3d at 60. After a bench trial, the district court found that Sharma was not an employer. *See Tapia v. Blch 3rd Ave. LLC*, No. 14 Civ. 8529, 2016 WL 4581341, at *8 (S.D.N.Y. Sept. 1, 2016). On appeal, the Second Circuit held that this determination did not constitute clear error. *Tapia II*, 906 F.3d at 62.

The decision in *Tapia II* does not constitute an intervening change of controlling law. The court applied longstanding existing law -- principally, the "*Carter* factors," first set forth in *Carter v. Dutchess Community College*, 735 F.2d 8 (2d Cir. 1984). *See Tapia II*, 960 F.3d at 61–62. Moreover, the *Tapia II* court's narrow holding (that the district court did not clearly err in finding that Sharma was not an employer) does not conflict with this Court's ruling (that a reasonable jury could find Sharma to be an employer). This is especially so in light of the factual differences between the two cases. In *Tapia*, there was no evidence that Sharma signed employees' paychecks; the plaintiffs asserted that they were paid in cash every week by another

2

individual. *Tapia II*, 906 F.3d at 62. In this case, the evidence showed that Sharma signed Plaintiffs' paychecks and was personally involved with payroll issues.

Finally, Defendant argues that the Court erred in applying a "deferential standard [of] review" in deciding the Rule 50(a) motion. This argument is unavailing. Rule 50(a) provides that a court may resolve an issue against a party if "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1). In deciding a Rule 50(a) motion, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *accord Piao v. Smith*, 683 Fed. App'x 55, 56 (2d Cir. 2017) (summary order). The Court properly applied this standard in denying Sharma's Rule 50(a) motion.

Dated: March 18, 2019
      New York, New York

                                          LORNA G. SCHOFIELD
                                    UNITED STATES DISTRICT JUDGE