UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
VICENTE CARRASCO FLORES and          :
FLORES and VALERIYA MUKHINA,
individually and on behalf of others          :
similarly situated,

                                                            :

                              Plaintiffs,

                                                            :

            -against-

                                                            :

NYC PASTA AND RISOTTO CO. LLC
(d/b/a RADICCHIO PASTA and RISOTTO  :
CO.), SATINDER SHARMA and DANIEL
MONTOYA,                                             :

                              Defendants.      :
-----------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED 9/19/19

**REPORT AND RECOMMENDATION**

17-CV-6915 (LGS)(KNF)

TO THE HONORABLE LORNA G. SCHOFIELD, UNITED STATES DISTRICT JUDGE

**INTRODUCTION**

This action was commenced pursuant to the Fair Labor Standards Act ("FLSA") and the

New York Labor Law ("NYLL") to recover, inter alia, unpaid minimum wage and overtime

compensation. Before the Court is a motion for reasonable attorneys' fees and costs the plaintiffs

incurred prosecuting the action. In support of their motion, the plaintiffs have submitted a

declaration by Colin Mulholland ("Mulholland"), one of their attorneys with two exhibits

attached thereto: (1) Exhibit A, contemporaneous time records generated by Mulholland's law

firm; and (2) Exhibit B, invoices for the costs incurred respecting the: (a) trial transcript,

(b) interpreter services employed, (c) depositions taken by the plaintiffs, and (d) service of

1

process. In addition, the plaintiffs submitted a memorandum of law. The defendants opposed
the motion by a memorandum of law submitted by their counsel, Brian Lehman.

## THE MOTION

Plaintiffs' Contentions

According to the plaintiffs, this case was tried to a jury, which found in favor of the
plaintiffs against defendants NYC Pasta and Risotto Co., LLC (d/b/a Radicchio Pasta and Risotto
Co.) and Satinder Sharma. The plaintiffs contend that they are prevailing parties in this action
and, consequently, pursuant to 29 U.S.C. § 216(b) and New York Labor Law ("NYLL") §§
198(1-a) and 663(1), they may recover from the above-noted defendants the reasonable attorneys'
fees and the costs of the action. According to Mulholland's declaration, the plaintiff incurred
$20,550.44 in attorneys' fees prosecuting this action and $6,970.03, in costs. See Mulholland
Declaration, ¶ 5.

The plaintiffs maintain that three attorneys rendered 53.10 hours of legal services to them
in connection with this action: 1) Michael Faillace ("Faillace"), who contributed 7.4 hours and
billed for his time at an hourly rate of $450 per hour; 2) Mulholland, who expended 45 hours
prosecuting the action and billed for his time at an hourly rate of $350; and 3) Gennaeay
Naydenskiy ("Naydenskiy"), who contributed .7 hours and billed for his time at an hourly rate of
$175. The attorneys were assisted by a paralegal who contributed one hour of work, for which
the plaintiffs were billed $100. See Exhibit A to the Mulholland Declaration.

The plaintiffs contend that the "attorneys involved in this case are at the highest level of
their profession." According to the plaintiffs, the "rates [at which their counsel billed for legal
services] are reasonable given the experience of the attorneys in wage and hour matters and their

2

performance in this case." The plaintiffs assert that they should be compensated, by the defendants, for the 54.10 hours of legal services provided to the plaintiffs in connection with this action. The plaintiffs maintain that in determining the attorneys' fees to award them in connection with this action, the court "should consider the degree of success obtained" through the action. In that regard, the plaintiffs note that the action was litigated to a full verdict that was favorable to them. The plaintiffs contend that in determining whether the number of hours expended by their counsel is reasonable, the Court should consider whether a reasonable attorney would have engaged in similar time expenditures.

As noted above, the plaintiffs assert that, as prevailing parties in this action, they may recover the reasonable costs they incurred in prosecuting the action. In the instant case, the plaintiffs' memorandum of law identifies the categories of costs for which they seek payment: the costs associated with filing the action with the Clerk of Court, $400, the fees they paid for translation services, $4,800, the cost of deposition transcripts, $772, and the costs incurred for obtaining transcripts of the trial proceedings, $789.90. See Docket Entry No. 82, at pg. 9. These costs total $6,761.93. However, Mulholland's declaration indicates that the costs are $6,970.03. Moreover, Exhibit B to Mulholland's declaration identifies as a category of costs the fees for serving process, which are not discussed in the plaintiff's memorandum of law. See Exhibit B to the Mulholland Declaration.

Defendants' Contentions

The defendants contend that "the attorney's fees requested by plaintiffs' counsel are unreasonable if only because the requested hourly rates far exceed their established market rate." The defendants maintain that "Mr. Faillace, the senior named partner of Michael Faillace &

3

Associates, P.C., seeks $450 an hour (or the equivalent of $810,000 a year for 1800 billable

hours)." Furthermore, the defendants contend that "Mr. Mulholland, an attorney who has been

admitted to the New York Bar for five years, seeks $375 an hour (or the equivalent of $675,000 a

year for 1800 billable hours)." The defendants assert that "[t]hese fee requests are clearly

excessive under well-established case law in this District." According to the defendants, for

wage and hour cases in this judicial district, courts typically approve hourly rates from $300 to

$400 for law-firm partners, and that Faillace's hourly billing rate, $450, has been reduced

"repeatedly" by courts in this judicial circuit. Furthermore, "[f]or mid-level and senior associates

that have more experience than Mr. Mulholland, courts commonly apply rates between $200 and

$250 an hour." Therefore, "[g]iven his lack of experience, Mr. Mulholland's rate should be no

more than $225 an hour." The defendants do not challenge the hourly rate for legal services at

which Naydenskiy billed the plaintiffs.

The defendants maintain that the "Plaintiffs . . . brought claims under the Fair Labor

Standards Act . . . but these claims were barred by the two-year statute of limitations." The

defendants contend that this action consisted of "simple wage and hour claims" and that the

"plaintiffs can point to no relief that they could not have achieved by filing their action in state

court." The defendants urge that "[a]cross-the-board percentage cuts are warranted in light of the

Plaintiffs' failure to prove most of their allegations and given Plaintiffs' counsel's failure to keep

detailed time records and instead submitting vague 'block' bills that make it impossible to

decipher how time was spent." According to the defendants, given that the case was "over

litigated from start to finish," 40% of the plaintiffs' attorneys' fees should be awarded, based on

hourly rates of $325 and $225 for Faillace and Mulholland, respectively, and 40% of the

plaintiffs' costs should be awarded by the court.

## DISCUSSION

In this judicial district, except for letter-motions allowed to be made pursuant to Local

Civil Rule 7.1(d) of this court, all motions shall include the following motion papers:

> (1) A notice of motion, . . . which shall specify the applicable rules or
> statutes pursuant to which the motion is brought, and shall specify the relief
> sought by the motion; (2) A memorandum of law, setting forth the cases and other
> authorities relied upon under appropriate headings, into as many parts to be
> determined; and (3) Supporting affidavits and exhibits thereto containing any
> factual information and portions of the record necessary for the decision of the
> motion. [A]ll oppositions and replies with respect to motions shall comply with
> Local Civil Rule 7.1(a)(2).

Local Civil Rule 7.1(a) and (b).

The FLSA provides that a court "shall, in addition to any judgment awarded to the

plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

Young v. Cooper Cameron Corp., 586 F.3d 201, 208 (2d Cir. 2009)(internal quotation marks

omitted); see 29 U.S.C. § 216(b). New York allows for a similar recovery for a plaintiff who

prevails in an action brought under NYLL. See NYLL §§ 198(1-a), 663(1). District courts have

"considerable discretion in determining what constitutes reasonable attorney's fees in a given

case." Barfield v. New York City Health & Hospitals Corp., 537 F.3d 132, 151 (2d Cir. 2008) .

When exercising their discretion to determine the reasonableness of attorney's fees, courts in this

Circuit use the "presumptively reasonable fee" standard. Arbor Hill Concerned Citizens

Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 190 (2d Cir. 2008). The presumptively

reasonable fee, also known as the lodestar, is "the product of a reasonable hourly rate and the

5

reasonable number of hours required by the case." Millea v. Metro-North Co. R.R., 658 F.3d

154, 166 (2d Cir. 2011). In calculating the presumptively reasonable fee, a district court must

consider, among others, the twelve factors articulated in Johnson v. Ga. Highway Express, Inc.,

488 F.2d 714 (5th Cir. 1974). See Arbor Hill, 522 F.3d at 190. Those factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the
> level of skill required to perform the legal service properly; (4) the preclusion of
> employment by the attorney due to acceptance of the case; (5) the attorney's
> customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time
> limitations imposed by the client or the circumstances; (8) the amount involved in the
> case and the results obtained; (9) the experience, reputation, and ability of the
> attorneys; (10) the "undesirability" of the case; (11) the nature and length of the
> professional relationship with the client; and (12) awards in similar cases.

Id. at 186-87 n.3.

A fee application that is not supported by evidence of "contemporaneous time records

indicating, for each attorney, the date, the hours expended, and the nature of the work done"

should normally be denied. New York State Ass'n for Retarded Children, Inc. v. Carey,

711 F.2d 1136, 1154 (2d Cir. 1983).

Mulholland's declaration is, in essence, a vehicle through which the plaintiffs placed their

counsel's contemporaneous time records and documentation establishing the costs the plaintiffs

incurred in connection with this action before the Court. The declaration does not contain factual

information regarding, for example, the experiences, reputations and abilities of the attorneys

who rendered legal services to the plaintiffs or any evidence that establishes how the hourly rates

billed by the plaintiffs' counsel compared to the hourly rates billed by attorneys with similar

experiences, reputations and abilities, who render legal services in this judicial district in cases

involving FLSA and comparable NYLL claims. See Blum v. Stenson, 465 U.S. 886, 895-96

n.11, 104 S. Ct. 1541, 1547 n.11 (1984). Furthermore, the plaintiffs do not name the paralegal whose fee they seek or provide any evidence about the paralegal's experience, reputation or ability to demonstrate the reasonableness of the hourly rate billed for the work performed by that person.

The failure of the plaintiffs to provide the requisite evidence, via affidavit(s), or declaration(s) prevents the Court from assessing fully whether the rates at which the plaintiffs were billed for legal services rendered are reasonable. Therefore, the plaintiffs failed to satisfy Local Civil Rule 7.1 of this court by providing "factual information . . . necessary for the decision of the motion." Local Civil Rule 7.1(a)(3). The Court is mindful that the memorandum of law submitted by the plaintiffs contains factual allegations that address some of the matters highlighted above; but, a memorandum of law "is not evidence at all," and, consequently, it cannot substitute for an affidavit(s) or declaration(s). Giannullo v. City of New York, 322 F.3d 139, 142 (2d Cir. 2003). As a result of the plaintiffs failure to comply with the applicable Local Civil Rule, they failed to provide competent evidence to the Court upon which it could: (1) rely to determine the presumptively reasonable fees pertinent to this case, see Arbor Hill, 522 F.3d at 190; or 2) apply all the Johnson factors as it is required to when considering an application for attorney's fees. Id. at 186-87 n.3. Therefore, awarding the Plaintiffs attorneys' fees is not warranted, based on the motion record.

The defendants also failed to comply with Local Civil Rule 7.1 of this court, as they did not file "supporting affidavits and exhibits thereto containing any factual information" they wanted the Court to consider with respect to their opposition to the plaintiffs' motion. Local Civil Rule 7.1(b). While the defendants' memorandum of law contains many factual allegations

7

they wish the Court to consider in resolving the instant motion, as noted above, a memorandum

of law is not evidence.

The motion record contains evidence from which the Court was able to assess the costs

incurred by the plaintiffs. Title 28 U.S.C. § 1920 identifies the items that may be taxed as costs.

They are:

> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded
> transcripts necessarily obtained for use in the case; (3) Fees and disbursements for
> printing and witnesses; (4) Fees for exemplification and the costs of making
> copies of any materials where the copies are necessarily obtained for use in the
> case; (5) Docket fees under Section 1923 of this title ; (6) Compensation of court
> appointed experts, compensation of interpreters, and salaries, fees, expenses and
> costs of special interpretation services under Section 1828 of this title.

28 U.S.C. § 1920.

The categories of costs for which the plaintiffs seek reimbursement are: (1) court filing

fees; (2) translation services fees; (3) deposition transcripts; and (4) trial transcripts. Evidence of

the costs associated with the categories as indicated in Exhibit B to Mulholland's declaration,

establishes that the costs incurred by the plaintiffs are $6,761.03. The Court finds those costs to

be reasonable and that awarding $6,761.93, to the plaintiffs for the costs they incurred, is

warranted. The defendant's opinion that the case was "over litigated from start to finish,"

without more, provides the Court no basis for awarding 40% of the plaintiff's costs, as urged by

the defendants. Although Exhibit B to Mulholland's declaration contains evidence of the process

server fees the plaintiffs incurred in connection with this action, no argument was made by the

plaintiffs in their memorandum of law that the Court should award the costs associated with

serving process. Since the plaintiffs did not argue in support of an award of the fees they

incurred for serving process, any argument they could have made in support of an award of that

8

category of costs has been waived. See City of New York v. Minetta, 262 F.3d 169, 180 (2d Cir. 2001)(an "argument not mentioned in [the] brief [is] waived")(citation omitted).

## RECOMMENDATION

For the reasons set forth above, the plaintiffs' motion for attorneys' fees, Docket Entry No. 80, should be granted only to the extent of awarding the plaintiffs $6,761.93, for the costs they incurred in prosecuting this action and, in all other respects, the motion should be denied.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Lorna G. Schofield, 40 Centre Street, Room 201, New York, New York, 10007, and to the chambers of the undersigned, 40 Centre Street, Room 425, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Schofield. *Failure to file objections within fourteen (14) days will result in a waiver of objections and will preclude appellate review.* See Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003).

Dated: New York, New York
       September 19, 2019

Respectfully submitted,

Kevin Nathaniel Fox

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

9